1  Michael H. Steinberg (SBN 134179)
   steinbergm@sullcrom.com
2  **SULLIVAN & CROMWELL LLP**
   1888 Century Park East, Suite 2100
3  Los Angeles, California 90067-1725
   Telephone: (310) 712-6600
4  Facsimile: (310) 712-8800

5  Laura K. Oswell (SBN 241281)
   oswelll@sullcrom.com
6  Sverker K. Hogberg (SBN 244640)
   hogbergs@sullcrom.com
7  **SULLIVAN & CROMWELL LLP**
   1870 Embarcadero Road
8  Palo Alto, California 94303
   Telephone: (650) 461-5600
9  Facsimile: (650) 461-5700

10 *Attorneys for Defendants*

11

12                    **UNITED STATES DISTRICT COURT**

13                    **CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LORRAINE WILKE, an individual, PETE WILKE, an individual, ELIZABETH SEAVER, an individual, MARTHA OWENS, an individual, RONALD BANKSTON, an individual, JAZMYN YOUNG, an individual, JORDAN GROPACK, an individual, MATTHEW COPPOLA, an individual, PHYLLIS REFFO, an individual, ARSALAN MOTAMEN, an individual, MANIJEH MOTAMEN, an individual, BENNY ISAAC, an individual, ROBERT PETRARCA, an individual, PAUL HILL, an individual, MARCO FLORES, an individual, RACHAEL EDSON, an individual, ROSEMARY TRUJILLO, an individual, HEIDI DAUWALTER, an individual, ROBERT MARTIN, an individual, JOHNNY IRAHOLA, an individual, THOMAS MIRANDA, an individual, EDWIN GUARDIA, an individual, JANAI KNUROWSKY, an individual, RICHARD KLEINBERGER, an individual, JULIUS TADY, an individual, DAVID SCHIFFMAN, an individual, LESLEY GOLDBERG, an individual, JACINTO MENDOZA, an individual, SARA LINDSEY, an individual, | Case No.<br><br>**NOTICE OF REMOVAL BY DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1331, 1441 AND 1446** |

KATHLEEN NEWCOM, an individual,
JENNY EAKES, an individual,
JAVIER CHAVEZ, an individual,
ALEX BARKALOFF, an individual,
NICK MARRUFO, an individual,
ANTHONY LOJAC, an individual,
KRISTEN DALY, an individual,
KIMBERLY VERDIN, an individual,
ROBERT DEAN, an individual,
EDEN TUPLANO, an individual,
CARLOS MUNGUIA, an individual,
FORREST KLINE, an individual,
LORI ZORN, an individual,
TERRY SNYDER, an individual,
ROBERT RAND, an individual,
JOANN DEGANI, an individual,
MARK NEYFELD, an individual,
THEODORE MARKOVIC, an individual,
SUREN SHAHMURDYAN, an individual,
OMAR HERNANDEZ, an individual,
LOWELL THOMPSON, an individual,
ROSA HERRERA, an individual,
DELIA CARREON, an individual,
BETH BEARER, an individual,
JENNIFER OH, an individual,
MIGUEL FERNANDEZ, an individual,
MISTY JARDINE, an individual,
MARCOS LUTYENS, an individual,
MICHELLE WRIGHT, an individual,
CHRIS MAZOR, an individual,

     Plaintiffs,

    v.

VOLKSWAGEN OF DOWNTOWN LOS ANGELES, a business, VOLKSWAGEN OF SANTA MONICA, a business, VOLKSWAGEN OF VAN NUYS, a business, VOLKSWAGEN OF ALHAMBRA, a business, SUR MOTOR CARS, a corporation, TIMMONS VOLKSWAGEN OF LONG BEACH, a business, NEW CENTURY VOLKSWAGEN, a business, LIVINGSTON VOLKSWAGEN, a business, VOLKSWAGEN OF PASADENA, a business, VOLKSWAGEN GROUP OF AMERICA, INC., a corporation, and DOES 1 through 10, inclusive,

     Defendants.

PLEASE TAKE NOTICE that Defendants Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, Volkswagen of Pasadena, and Volkswagen Group of America, Inc. ("Defendants"), through their undersigned counsel, hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California. This removal is made pursuant to 28 U.S.C. §§ 1331, 1441 and 1446. The grounds for removal are as follows:

## STATEMENT OF JURISDICTION

1. This is a civil action for which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one that may be removed to this Court, pursuant to 28 U.S.C. § 1441 and for the reasons below.

## THE REMOVED ACTION

2. This civil action, filed on March 10, 2016 is pending in the Superior Court of the State of California, County of Los Angeles, a court located within this District, under Case Number BC613327.

3. Volkswagen of Downtown Los Angeles, Volkswagen of Van Nuys, Volkswagen of Alhambra, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena were served with a Summons and Complaint on or about March 31, 2016. (*See* Ex. A.) Volkswagen Group of America, Inc. was served with a Summons and Complaint on or about April 4, 2016. (*See id.*) Plaintiffs filed a First Amended Complaint ("FAC") on May 2, 2016. (*See* Ex. B.) Defendants did not answer either Complaint in Los Angeles County Superior Court prior to removal. Defendants are not aware of any further proceedings regarding this action in that court. This Notice of Removal is accompanied by the following documents:

- All executed process in this case (Ex. A);

- All pleadings asserting causes of action (*i.e.*, the Complaint) (Ex. B); and
- The docket sheet and court documents (Ex. C).

4. Other than the documents attached as Exhibits, no pleadings, process, orders or other documents in the case have been served or otherwise received by Defendants or, to Defendants' knowledge, are presently on file in the state court. In the event that such filings come to Defendants' attention, it will immediately file copies in this Court.

5. The FAC brings claims on behalf of fifty-nine individual Plaintiffs related to Plaintiffs' purchase of "new Volkswagen and/or Audi vehicles." (FAC ¶ 78.) As demonstrated by the FAC's allegations, this action is based on allegations concerning the widely publicized EPA Notice of Violation, dated September 18, 2015 (the "EPA Notice"), concerning the alleged installation of emissions testing "defeat device" in certain Volkswagen diesel vehicles in alleged violation of the Clean Air Act, 42 U.S.C. § 7401 *et seq.* and federal vehicle emission standards. (*See* FAC ¶ 73 ("The software produced and used by Volkswagen is a 'defeat device' . . . ."); *id.* ¶ 76 ("Volkswagen installed its 'defeat device' for emissions testing."); *id.* ¶ 148 ("[T]he vehicle purchased or leased by Plaintiff's [sic] contained 'defeat device' software, designed by Defendant Volkswagen to cheat emission testing . . . .").) The Judicial Panel on Multidistrict Litigation has consolidated hundreds of cases making similar claims to the instant action in the United States District Court for the Northern District of California as *In re: Volkswagen "Clean Diesel" Marketing, Sales Practices, and Products Liability Litigation,* Case No. 3:15-md-02672-CRB (MDL No. 2672).

## PROCEDURAL ISSUES

6. Removal is timely under 28 U.S.C. § 1446(b). Plaintiffs served Volkswagen of Downtown Los Angeles, Volkswagen of Van Nuys, Volkswagen of Alhambra, Timmons Volkswagen of Long Beach, New Century Volkswagen,

1  Livingston Volkswagen, and Volkswagen of Pasadena on or about March 31, 2016
2  and Volkswagen Group of America, Inc. on or about April 4, 2016. (*See* Ex. A.)
3  This notice of removal is filed within 30 days after service of the Summons and
4  Complaint on Volkswagen Group of America, Inc.

5    7.    Venue is proper under 28 U.S.C. § 1441(a) because this Court
6  is the United States District Court for the district and division where the state court
7  case was pending. The Superior Court of the State of California for the County of
8  Los Angeles is located within the Central District of California.

## JURISDICTION IS PROPER UNDER § 1331

10    8.    The Court has jurisdiction over this action pursuant to 28
11  U.S.C. § 1331, which gives district courts "original jurisdiction of all civil actions
12  arising under the Constitution, laws, or treaties of the United States." Federal
13  question jurisdiction exists over state law claims where, *inter alia*, "plaintiff's right
14  to relief depends on the resolution of a substantial question of federal law."
15  *Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S.
16  1, 27-28 (1983); *see also Grable & Sons Metal Prods., Inc. v. Darue Eng'r &*
17  *Mfnr.*, 545 U.S. 308, 314 (2005) (explaining that a complaint alleging only
18  violations of state law does not bar removal to federal court under federal question
19  jurisdiction if "a state-law claim necessarily raise[s] a stated federal issue, actually
20  disputed and substantial, which a federal forum may entertain without disturbing
21  any congressionally approved balance of federal and state judicial
22  responsibilities").

23    9.    By their own allegations in the FAC, Plaintiffs make clear that
24  Defendants' alleged use of a "defeat device" is the crux of their claims. (*See e.g.*,
25  FAC ¶¶ 73, 76, 148.) Plaintiffs nominally seek to recover based on Defendants'
26  violation of California statutes, but resolving those claims necessarily implicates
27  questions of federal law. Plaintiffs allege that recovery under each statute depends
28  on establishing that Defendants installed "defeat devices" in certain vehicles that

enabled those vehicles to bypass, circumvent, and violate California Air Resource Board ("CARB") emission standards. The EPA, however, must determine as a matter of federal law that the CARB standards and accompanying enforcement procedures are consistent with the Clean Air Act before California or any other state may implement them, and the CARB regulations Plaintiffs seek to enforce in this action do not define or govern the use of defeat devices, but instead incorporate federal law by reference. *See* CARB Notice of Violation (Jan. 12, 2016), at 4-5. Accordingly, even when providing a narrowly defined role for California to adopt and enforce motor vehicle emissions regulations, Congress required the EPA to approve any such CARB regulations, and those CARB regulations themselves must be uniformly interpreted and applied in the states that have adopted them. Plaintiffs, therefore, cannot prevail in this action without resolving numerous federal issues, including (i) the definition of defeat device, (ii) the impact that the installation of a defeat device has on the legality of the sale of these vehicles, (iii) the extent to which use of the defeat device resulted in the violation of applicable emission standards, and (iv) the appropriate remedy for these violations.

10. A federal question is substantial and will support removal also if its resolution will have an impact on other cases and on the meaning or enforceability of a federal regulation. *See Gilmore v. Weatherford*, 694 F.3d 1160, 1173-74 (10th Cir. 2012) (removal proper where "the federal issue is 'substantial'" and the questions raised "would apply to a fair number of disputes"); *Nicodemus v. Union Pac. Corp.*, 440 F.3d 1227, 1236 (10th Cir. 2006) (similar); *Ormet Corp. v. Ohio Power Co.*, 98 F.3d 799, 807 (4th Cir. 1996) (federal question is substantial where the resolution of a federal issue in state-law causes of action could, because of different approaches and inconsistency, undermine the stability and efficiency of a federal statutory scheme necessary to uniformity). The need for uniformity is a particularly important factor in resolving whether a federal question is substantial.

11. Here, Congress's desire for nationwide uniformity is front and center. The inherent mobility of motor vehicles, the comprehensive federal regulatory scheme to govern motor vehicle emissions, and the expert federal agency charged with administering Title II all underscore the necessity of nationwide uniformity. To that end, even when providing a narrowly defined role for California to adopt and enforce motor vehicle emissions regulations, Congress required the EPA to approve any such CARB regulations, and those CARB regulations themselves must be uniformly interpreted and applied in the 15 states that have adopted them. A decision by a state court that certain enforcement procedures have been approved by Congress or the EPA, or even a decision interpreting the CARB regulations themselves, would thus have national repercussions. There is plainly a substantial federal interest in uniform resolution of the important issues surrounding allegations of using defeat devices, rendering invalid certificates of conformity, and violating federal emissions standards.

12. Accordingly, Plaintiffs' claims for relief require resolution of a substantial question of federal law—specifically, the application of federal emissions standards and other regulations. (*See, e.g.*, FAC ¶¶ 73, 76, 148; *id.* ¶ 77 (noting that Defendants are required to "comply with EPA emissions requirements at all times during normal operation.") Plaintiffs are not permitted to "avoid federal jurisdiction by omitting from the complaint allegations of federal law that are essential to the establishment of [their] claim." *Lippitt v. Raymond James Fin. Servs.*, 340 F.3d 1033, 1041 (9th Cir. 2003); *see League to Save Lake Tahoe v. BJK Corp.*, 547 F.3d 1072 (9th Cir. 1976); *Lehman Brothers, Inc. v. City of Lodi*, 333 F. Supp. 2d 895, 906 (E.D. Cal. 2004) (state law claims for breach of contract, negligent misrepresentation, and fraud were removable as they implicated CERCLA); *Menoken v. McNamara*, 213 F.R.D. 193, 197 (D.N.J. 2003) (federal question jurisdiction existed when plaintiff's state law fraudulent concealment claim required proof of an underlying violation of the FMLA or ADA); *Schulze v.*

*Legg Mason Wood Walker, Inc.*, 865 F. Supp. 277 (W.D. Pa. 1994) (removal was proper when resolution of state law claim was dependent upon interpretation of federal statute); *cf.* 42 U.S.C. § 7604(a) ("The district courts shall have jurisdiction, without regard to the amount in controversy or the citizenship of the parties, to enforce such an emission standard or limitation, or such an order, or to order the Administrator to perform such act or duty . . . .").

13. It is clear that Plaintiffs here have attempted to plead around questions of federal law in the FAC. The FAC is in all material respects identical to the initial complaint filed in the action—both are based on the allegations concerning "defeat devices"—but the FAC excised references to the underlying federal law that is at issue. (*See* Compl. ¶ 72 ("This case arises because Plaintiff's [sic] claim that Defendant Volkswagen and its affiliates purposefully and intentionally breached the laws of the U.S. and the rules and regulations of the EPA . . . ."); *id.* ¶ 73 ("As detailed in the EPA's Notice of Violation ('NOV'), sophisticated software in the Volkswagen and Audi diesel vehicles sold by Defendant Volkswagen in the U.S. detects when the vehicle is undergoing official emissions testing and turns on full emissions controls only during the test."); *id.* ¶ 73 ("The software produced and used by Volkswagen is a 'defeat device' as defined by the Clean Air Act."); *id.* ¶ 74 ("By manufacturing and selling cars with defeat devices . . . Volkswagen violated the Clean Air Act . . . .").) As set forth above, however, Plaintiffs' attempt to plead around federal law does not defeat federal jurisdiction.

14. The instant action, though purportedly asserted under state law, is in reality an attempt to enforce the emission standards established by the EPA. Congress granted the EPA exclusive authority to punish violations of federal emission standards – specifically vehicles that contain a defect that fail to conform to those standards. *See* 42 U.S.C. § 7541. Whether Defendants violated EPA standards or the Clean Air Act is plainly a question of federal law. The Clean Air

Act expressly provides federal jurisdiction over "citizen suits" to enforce the Clean Air Act's emissions standards where the EPA Administrator has not commenced a civil action to enforce such standards. *See* 42 U.S.C. § 7604(a) ("[A]ny person may commence a civil action on his own behalf (1) against any person . . . who is alleged to have violated . . . or to be in violation of . . . (A) an emission standard or limitation under this chapter."). Where the EPA Administrator has "commenced and is diligently prosecuting a civil action in a court of the United States or a State to require compliance with the standard[s] . . . any person may intervene as a matter of right." *Id.* § 7604(b)(1)(B).

## NOTICE TO ADVERSE PARTY AND STATE COURT

15. Pursuant to 28 U.S.C. § 1446(d), Defendants are serving written notification of the removal of this case on Plaintiffs' counsel (identified below):

Steven L. Marchbanks
PREMIER LEGAL CENTER, A.P.C.
501 W. Broadway, Suite 1095
San Diego, CA 92101

16. Pursuant to 28 U.S.C. § 1446(d), Defendants promptly will file a Notification of Removal, attaching a copy of this Notice of Removal, with the Clerk of the Superior Court, Los Angeles County.

## CONCLUSION

Pursuant to 28 U.S.C. §§ 1331, 1441 and 1446, Defendants hereby remove this action from the Superior Court of the State of California, County of Los Angeles, to the United States District Court for the Central District of California.

Dated: May 4, 2016.

*[signature: Laura K. Oswell /SKH]*

Michael H. Steinberg (SBN 134179)
steinbergm@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1888 Century Park East, Suite 2100
Los Angeles, California 90067-1725
Tel.: (310) 712-6600
Fax: (310) 712-8800

Laura K. Oswell (SBN 241281)
oswelll@sullcrom.com
Sverker K. Hogberg (SBN 244640)
hogbergs@sullcrom.com
**SULLIVAN & CROMWELL LLP**
1870 Embarcadero Road
Palo Alto, California 94303
Tel.: (650) 461-5600
Fax: (650) 461-5700

*Attorneys for Defendants Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, Volkswagen of Pasadena, and Volkswagen Group of America, Inc.*

# CERTIFICATE OF SERVICE

I, Jodi L. Carr, declare:

I am employed in the County of Santa Clara, State of California. I am over the age of 18 and not a party to the within action; my business address is Sullivan & Cromwell, LLP, 1870 Embarcadero Road, Palo Alto, California 94303.

On May 4, 2016, I served a copy of the following document(s):

**NOTICE OF REMOVAL BY DEFENDANTS PURSUANT TO 28 U.S.C. §§ 1332(a) 1441 AND 1446**

[X]  **BY OVERNIGHT DELIVERY:** I deposited the documents described above in a sealed envelope, with delivery fees paid, designated for overnight delivery to the addressee(s) below. I placed this envelope in a facility regularly maintained by FedEx, an express service carrier.

Steven L. Marchbanks
PREMIER LEGAL CENTER, A.P.C.
501 W. Broadway, Ste. 1095
San Diego, CA 92101

[ ]  BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM: In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(ies) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

[X]  **(Federal)** I declare that I am employed in the office of a member of the bar of this court at whose direction service was made.

Executed on May 4, 2016, at Palo Alto, California.

_____
JODI L. CARR