# EXHIBIT B

COPY

Steven L Marchbanks, Esq. SBN: 214686
PREMIER LEGAL CENTER, A.P.C.
501 W. Broadway, Suite 1095
San Diego, CA 92101
Telephone: (619) 235-3200
Facsimile: (619) 235-3300

Attorney for Plaintiffs

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 10 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

By Fax

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## COUNTY OF LOS ANGELES

BC 6 1 3 3 2 7

| | |
|---|---|
| LORRAINE WILKE, an individual,<br>PETE WILKE, an individual,<br>ELIZABETH SEAVER, an individual,<br>MARTHA OWENS, an individual,<br>RONALD BANKSTON, an individual,<br>JAZMYN YOUNG, an individual,<br>JORDAN GROPACK, an individual,<br>MATTHEW COPPOLA, an individual,<br>PHYLLIS REFFO, an individual,<br>ARSALAN MOTAMEN, an individual,<br>MANIJEH MOTAMEN, an individual,<br>BENNY ISAAC, an individual,<br>ROBERT PETRARCA, an individual,<br>PAUL HILL, an individual,<br>MARCO FLORES, an individual,<br>RACHAEL EDSON, an individual,<br>ROSEMARY TRUJILLO, an individual,<br>HEIDI DAUWALTER, an individual,<br>ROBERT MARTIN, an individual,<br>JOHNNY IRAHOLA, an individual,<br>THOMAS MIRANDA, an individual,<br>EDWIN GUARDIA, an individual,<br>JANAI KNUROWSKY, an individual,<br>RICHARD KLEINBERGER, an individual,<br>JULIUS TADY, an individual, | CASE NO:<br><br>1.  **Breach of Express Warranty (Song-Beverly Consumer Warranty Act,** *Civil Code* **§1791);**<br>2.  **Breach of Implied Warranty Act (Song-Beverly Consumer Warranty Act,** *Civil Code* **§1791);**<br>3.  **Violation of California Consumer Legal Remedies Act;**<br>4.  **Violation of California Unfair Competition Law;**<br>5.  **Fraud;**<br>6.  **Negligent Misrepresentation;**<br>7.  **Joint Venture; and**<br>8.  **Civil Conspiracy** |

1
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

1  DAVID SCHIFFMAN, an individual,
   LESLEY GOLDBERG, an individual,
2  JACINTO MENDOZA, an individual,
   SARA LINDSEY, an individual,
3  KATHLEEN NEWCOM, an individual,
4  JENNY EAKES, an individual,
   JAVIER CHAVEZ, an individual,
5  ALEX BARKALOFF, an individual,
6  NICK MARRUFO, an individual,
   ANTHONY LOJAC, an individual,
7  KRISTEN DALY, an individual,
8  KIMBERLY VERDIN, an individual,
   ROBERT DEAN, an individual,
9  EDEN TUPLANO, an individual,
   CARLOS MUNGUIA, an individual,
10 FORREST KLINE, an individual,
   LORI ZORN, an individual,
11 TERRY SNYDER, an individual,
12 ROBERT RAND, an individual,
   JOANN DEGANI, an individual,
13 MARK NEYFELD, an individual,
   THEODORE MARKOVIC, an individual,
14 SUREN SHAHMURDYAN, an individual,
15 OMAR HERNANDEZ, an individual,
   LOWELL THOMPSON, an individual,
16 ROSA HERRERA, an individual,
   DELIA CARREON, an individual,
17 BETH BEARER, an individual,
18 JENNIFER OH, an individual,
   MIGUEL FERNANDEZ, an individual,
19 MISTY JARDINE, an individual,
   MARCOS LUTYENS, an individual,
20 MICHELLE WRIGHT, an individual,
21 CHRIS MAZOR, an individual,

22                Plaintiffs,

23 v.

24
   VOLKSWAGEN OF DOWNTOWN LOS
25 ANGELES, a business,
   VOLKSWAGEN OF SANTA MONICA, a
26 business,
27 VOLKSWAGEN OF VAN NUYS, a business,

28
                        2
                   COMPLAINT
   PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,
   VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS
   VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,
   VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.

VOLKSWAGEN OF ALHAMBRA, a business,
SUR MOTOR CARS, a corporation,
TIMMONS VOLKSWAGEN OF LONG
BEACH, a business,
NEW CENTURY VOLKSWAGEN, a business,
LIVINGSTON VOLKSWAGEN, a business,
VOLKSWAGEN OF PASADENA, a business,
VOLKSWAGEN GROUP OF AMERICA, INC.,
a corporation, and DOES 1 through 10, inclusive,

Defendants.

Plaintiffs LORRAINE WILKE, an individual, PETE WILKE, an individual, ELIZABETH SEAVER, an individual, MARTHA OWENS, an individual, RONALD BANKSTON, an individual, JAZMYN YOUNG, an individual, JORDAN GROPACK, an individual, MATTHEW COPPOLA, an individual, PHYLLIS REFFO, an individual, ARSALAN MOTAMEN, an individual, MANIJEH MOTAMEN, an individual, BENNY ISAAC, an individual, ROBERT PETRARCA, an individual, PAUL HILL, an individual, MARCO FLORES, an individual, RACHAEL EDSON, an individual, ROSEMARY TRUJILLO, an individual, HEIDI DAUWALTER, an individual, ROBERT MARTIN, an individual, JOHNNY IRAHOLA, an individual, THOMAS MIRANDA, an individual, EDWIN GUARDIA, an individual, JANIA KNUROWSKY, an individual, RICHARD KLEINBERGER, an individual, JULIUS TADY, an individual, DAVID SCHIFFMAN, an individual, LESLEY GOLDBERG, an individual, JACINTO MENDOZA, an individual, SARA LINDSEY, an individual, KATHLEEN NEWCOM, an individual, JENNY EAKES, an individual, JAVIER CHAVEZ, an individual, ALEX BARKALOFF, an individual, NICK MARRUFO, an individual, ANTHONY LOJAC, an individual, KRISTEN DALY, an individual, KIMBERLY VERDIN, an individual, ROBERT DEAN, an individual, EDEN TUPLANO, an individual, CARLOS MUNGUIA, an individual, FORREST KLINE, an individual, LORI ZORN, an individual, TERRY SNYDER, an individual, ROBERT RAND, an individual, JOANN DEGANI, an individual, MARK NEYFELD, an individual, THEODORE MARKOVIC, an individual, SUREN SHAHMURDYAN, an individual,

3
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,
VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS
VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,
VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 41

OMAR HERNANDEZ, an individual, LOWELL THOMPSON, an individual, ROSA HERRERA, an individual, DELIA CARREON, an individual, BETH BEARER, an individual, MIGUEL FERNANDEZ, an individual, JENNIFER OH, an individual, CHRIS MAZOR, an individual, MISTY JARDINE, an individual, MARCOS LUTYENS, an individual, and MICHELLE WRIGHT, an individual, (referred to herein as "Plaintiff's") files this Complaint and alleges as follows:

## THE PARTIES

1.      Plaintiff Lorraine Wilke resides in Playa Del Rey, California.

2.      Plaintiff Pete Wilke resides in Playa Del Rey, California.

3.      Plaintiff Elizabeth Seaver resides Glendale, California.

4.      Plaintiff Martha Owens resides in Los Angeles, California.

5.      Plaintiff Ronald Bankston resides in Los Angeles, California.

6.      Plaintiff Jazmyn Young resides in Los Angeles, California.

7.      Plaintiff Jordan Gropack resides in Beverly Hills, California.

8.      Plaintiff Matthew Coppola resides in Santa Monica, California.

9.      Plaintiff Phyllis Reffo resides in Malibu, California.

10.     Plaintiff Arsalan Motamen resides in Woodland Hills, California.

11.     Plaintiff Manijeh Motamen resides in Woodland Hills, Calfornia.

12.     Plaintiff Benny Isaac resides in Sherman Oaks, California.

13.     Plaintiff Robert Petrarca resides in Studio City, California.

14.     Plaintiff Paul Hill resides in Ontario, California.

15.     Plaintiff Marco Flores resides in Lancaster, California.

16.     Plaintiff Rachael Edson resides in Lakewood, California.

17.     Plaintiff Rosemary Trujillo resides in San Pedro, California.

18.     Plaintiff Heidi Dauwalter resides in Simi Valley, California.

19.     Plaintiff Robert Martin resides in Fresno, California.

20.     Plaintiff Johnny Irahola resides in Glendale, California.

21. Plaintiff Thomas Miranda resides in Morongo Valley, California.

22. Plaintiff Edwin Guardia resides in Chatsworth, California.

23. Plaintiff Julius Tady resides in Los Angeles, California.

24. Plaintiff David Schiffman resides in Los Angeles, California.

25. Plaintiff Lesley Goldberg resides in Los Angeles, California.

26. Plaintiff Jacinto Mendoza resides in Los Angeles, California.

27. Plaintiff Sara Lindsey resides in Los Angeles, California.

28. Plaintiff Kathleen Newcom resides in Los Angeles, California.

29. Plaintiff Jenny Eakes resides in Los Angeles, California.

30. Plaintiff Javier Chavez resides in Los Angeles, California.

31. Plaintiff Alex Barkaloff resides in Los Angeles, California.

32. Plaintiff Nick Marrufo resides in West Hollywood, California.

33. Plaintiff Anthony Lojac resides in Beverly Hills, California.

34. Plaintiff Kristen Daly resides in Santa Monica, California.

35. Plaintiff Kimberly Verdin resides in Pico Rivera, California.

36. Plaintiff Robert Dean resides in Pico Rivera, California.

37. Plaintiff Eden Tuplano resides in Carson, California.

38. Plaintiff Carlos Munguia resides in Signal Hill, California.

39. Plaintiff Forrest Kline resides in Long Beach, California.

40. Plaintiff Lori Zorn resides in Long Beach, California.

41. Plaintiff Terry Snyder resides in Pasadena, California.

42. Plaintiff Robert Rand resides in Pasadena, California.

43. Plaintiff Joann Degani resides in Chatsworth, California.

44. Plaintiff Mark Nayfeld resides in Encino, California.

45. Plaintiff Theodore Markovic resides in Woodland Hills, California.

46. Plaintiff Suren Shahmurdyan resides in Burbank, California.

47. Plaintiff Omar Hernandez resides in Baldwin Park, California.

5
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

48.    Plaintiff Lowell Thompson resides in Palmdale, California.

49.    Plaintiff Rosa Herrera resides in La Puente, California.

50.    Plaintiff Delia Carreon resides in Los Angeles, California.

51.    Plaintiff Beth Bearer resides in Los Angeles, California.

52.    Plaintiff Chris Mazor resides in Burbank, California.

53.    Plaintiff Miguel Fernandez resides in Los Angeles, California.

54.    Plaintiff Jennifer Oh resides in Los Angeles, California.

55.    Plaintiff Misty Jardine resides in Beaumont, California.

56.    Plaintiff Marcos Lutyens resides in Los Angeles, California.

57.    Plaintiff Michelle Wright resides in Los Angeles, California.

58.    Defendant VOLKSWAGEN OF DOWNTOWN LOS ANGELES is a business registered and transacting business in the County of Los Angeles, State of California.

59.    Defendant VOLKSWAGEN OF SANTA MONICA is a business registered and transacting business in the County of Los Angeles, State of California.

60.    Defendant VOLKSWAGEN OF VAN NUYS is a business registered and transacting business in the County of Los Angeles, State of California.

61.    Defendant VOLKSWAGEN OF ALHAMBRA is a business registered and transacting business in the County of Los Angeles, State of California.

62.    Defendant SUR MOTOR CARS is a corporation registered and transacting business in the County of Los Angeles, State of California.

63.    Defendant TIMMONS VOLKSWAGEN OF LONG BEACH is a business registered and transacting business in the County of Los Angeles, State of California.

64.    Defendant NEW CENTURY VOLKSWAGEN is a business registered and transacting business in the County of Los Angeles, State of California.

65.    Defendant LIVINGSTON VOLKSWAGEN is a business registered and transacting business in the County of Los Angeles, State of California.

66.    Defendant VOLKSWAGEN OF PASADENA is a business registered and

6
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,
VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS
VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,
VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 44

transacting business in the County of Los Angeles, State of California.

67.     Defendant VOLKSWAGEN GROUP OF AMERICA, INC. ("Volkswagen") is a corporation registered and transacting business in the County of Los Angeles, State of California.

68.     The true names and capacities of Defendants sued herein under *Code of Civil Procedure* Section 474 as DOES 1 through 10, inclusive, are presently unknown to Plaintiff's who will seek to amend this Complaint to include these DOE Defendants when they are identified.

69.     At all times mentioned in the Complaint, each of the Defendants were agents of each and every other Defendant.  In doing the things alleged in the Complaint, each Defendant was acting within the course and scope of their agency and was acting with the consent, permission and authorization of each of the other Defendants.

## JURISDICTION AND VENUE

70.     This Court has jurisdiction over each Defendant pursuant to *Code of Civil Procedure* Section 410.10 by virtue of their extensive business dealings and transactions within this state.  Each Defendant is either a corporation or association organized under the laws of the State of California, a foreign corporation or association authorized to do business in California, or does sufficient business, has sufficient minimum contacts with, or avails itself of the California market through the manufacturing, production, promotion, sale, marketing and distribution of product in California.  Exercise of jurisdiction by California courts is permissible under traditional notions of fair play and substantial justice.

71.     Venue is proper in this County pursuant to Title 29 of the United States Code, Chapter 18 Section 1132 and Code of Civil Procedure Section 395 and 395.5, as this is a court of competent jurisdiction, and the transactions and events for sale of the subject vehicle was entered into in the State of California.

///

///

7
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

## GENERAL ALLEGATIONS

72.     The United States ("U.S.") Government, through the Environmental Protection Agency ("EPA"), has passed and enforced laws designed to protect U.S. citizens from pollution and, in particular, certain chemicals and agents known to cause disease in humans.  Automobile manufacturers must abide by U.S. laws and adhere to EPA rules and regulations.  This case arises because Plaintiff's claim that Defendant Volkswagen and its affiliates purposefully and intentionally breached the laws of the U.S. and the rules and regulations of the EPA by selling in the U.S. vehicles manufactured by its affiliates, Volkswagen AG and Audi AG, which purposefully evaded state and federal laws.  As stated by Cynthia Giles, Assistant Administrator for the Office of Enforcement and Compliance Assurance at the EPA:  "Using a defeat device in cars to evade clean air standards is illegal and a threat to public health."  Yet that is exactly what Volkswagen did in its 2009-2015 Volkswagen and Audi diesel vehicles.[1]

73.     As detailed in the EPA's Notice of Violation ("NOV"), sophisticated software in the Volkswagen and Audi diesel vehicles sold by Defendant Volkswagen in the U.S. detects when the vehicle is undergoing official emissions testing and turns on full emissions controls only during the test.  However, at all other times the vehicle is running, the emissions controls are suppressed.  As a result, the vehicle satisfies emissions standards in the laboratory or state testing station, but, during normal operation, emits nitrogen oxides (NOx) at up to 40 times the standard allowed under U.S. laws and regulations (the "Defect").  The software produced and used by Volkswagen is a "defeat device" as defined by the Clean Air Act.

74.     The Clean Air Act has strict emissions standards for vehicles and requires vehicle manufacturers to certify to the EPA that the vehicles sold in the U.S. meet applicable federal emissions standards to control air pollution.  Every vehicle sold in the U.S. must be covered by an EPA-issued certificate of conformity.  Under federal law, cars equipped with defeat devices,

---

[1] See September 18, 2015 EPA News Release.

8
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,
VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS
VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,
VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 46

which reduce the effectiveness of the emissions control system during normal driving conditions, cannot be certified. By manufacturing and selling cars with defeat devices that allowed for higher levels of emissions and certifying to the EPA that those vehicles satisfied emissions standards, Volkswagen violated the Clean Air Act, defrauded its customers, and engaged in unfair competition under state and federal law.

75. According to the EPA NOV, Volkswagen installed its "defeat device" in at least the following diesel models of its vehicles (the "Affected Vehicles"): MY 2009-2015 VW Jetta; MY 2009-2015 VW Beetle; MY 2009-2015 VW Golf; MY 2014-2015 VW Passat; and MY 2009-2015 Audi A3.

76. Volkswagen expressly marketed and advertised its "CleanDiesel" models as powerful, extraordinarily clean, and EPA-certified in all 50 states. Volkswagen has charged a substantial premium for the Affected Vehicles, ironically marketed by Volkswagen as "CleanDiesel." For example, the 2015 Volkswagen Jetta, the base S model has a starting MSRP of $18,780. The base TDI S CleanDiesel, however, has a starting MSRP of $21,640, a price premium of $2,860. The CleanDiesel premium for the highest trim Jetta model is substantially higher. The highest level gas Jetta SE has a starting MSRP of $20,095, while the CleanDiesel TDI SEL MSRP is $26,410, a staggering $6,315 premium. These premiums occur across all of the vehicles in which Volkswagen installed its "defeat device" for emissions testing.

77. Volkswagen has been ordered by the EPA to recall the Affected Vehicles and repair them so that they comply with EPA emissions requirements at all times during normal operation. However, Volkswagen will not be able to make the Affected Vehicles comply with emissions standards without substantially degrading their performance characteristics, including their horsepower and their efficiency.

## PLAINTIFF'S PURCHASE OF THE VEHICLE

### A. General Plaintiff Facts

78. Between 2009 and 2016, Plaintiff's purchased new Volkswagen and/or Audi vehicles ("Vehicle"), from authorized Volkswagen dealerships within the State of California. It

9
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 47

was represented to Plaintiff's at the time of sale through dealership representatives, warranties and sales brochures, and other advertisements and/or written statements that the Vehicle conformed to current U.S. emissions standards.  Plaintiff's detrimentally relied on these representations concerning the Vehicle's emissions and purchased the Vehicle believing these representations and warranties to be true.  Plaintiff's spent substantially more money to purchase a Vehicle with a "CleanDiesel" engine that would increase performance while simultaneously lowering emissions and that conformed to current state and federal emissions standards. Unbeknownst to Plaintiff's, the Vehicle was unable to comply with such standards at the time of purchase.

79.     Although Volkswagen has been ordered to recall the Affected Vehicles, even if Volkswagen is able to make the Affected Vehicles EPA-complaint, Plaintiff's will nonetheless suffer actual harm and damages because the Vehicle will no longer perform as it did when purchased and as advertised.  This will necessarily result in a diminution in value of the Vehicle and will cause Plaintiff's to pay more for fuel while using the Vehicle.

80.     As a result of Volkswagen's unfair, deceptive, and/or fraudulent business practices, and its failure to disclose that under normal operating conditions the Vehicle emits 40 times the allowed levels, Plaintiffs have suffered losses in money and/or property.  Had Plaintiff's known of the "defeat device" at the time of purchase or lease of the Vehicle, Plaintiff's would not have purchased or leased the Vehicle, or would have paid substantially less for the Vehicle.  Moreover, if and when Volkswagen recalls the Affected Vehicles and degrades the CleanDiesel engine performance in order to make the Affected Vehicles compliant with EPA standards, Plaintiff's will be required to spend additional sums on fuel and will not obtain the performance characteristics of the Vehicle that were promised when purchased or leased.  Additionally, the Vehicle will necessarily be worth less in the marketplace because of its decrease in performance and efficiency.

**B. Plaintiff Group 1**

81.     Plaintiffs Lorraine Wilke, Pete Wilke, Elizabeth Seaver, Martha Owens and

10
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,
VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS
VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,
VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 48

Ronald Bankston each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Downtown Los Angeles at 1900 S. Figueroa St., Los Angeles, CA 90007. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**C. Plaintiff Group 2**

82.    Plaintiffs Jazmyn Young, Jordan Gropack, Phyllis Reffo, Matthew Coppola, Arsalan Motamen, Manijeh Motamen, and Benny Isaac each purchased a new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Santa Monica at 2440 Santa Monica Blvd., Santa Monica, CA 90404. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**D. Plaintiff Group 3**

83.    Plaintiff Robert Petrarca purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Van Nuys at 6115 Van Nuys Blvd., Van Nuys, CA 91401. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**E. Plaintiff Group 4**

84.    Plaintiff Paul Hill purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Alhambra at 1811 W. Main St., Alhambra, CA 91801. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**F. Plaintiff Group 5**

85.    Plaintiff Marco Flores purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Sur Motor Cars at 504 E. Alondra Blvd., Gardena, CA 90248. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**G. Plaintiff Group 6**

86.    Plaintiffs Rachael Edson and Rosemary Trujillo each purchased new 2009 – 2016

11
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 49

Volkswagen Clean Diesel vehicles containing the Defect from Timmons Volkswagen of Long Beach at 3940 Cherry Ave, Long Beach, CA 90807. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**H.  Plaintiff Group 7**

87.    Plaintiffs Heidi Dauwalter, Robert Martin, and Johnny Irahola each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from New Century Volkswagen at 1220 S. Brand Blvd., Glendale, CA 91204. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**I.  Plaintiff Group 8**

88.    Plaintiffs Edwin Guardia and Thomas Miranda each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Livingston Volkswagen at 21141 Ventura Blvd., Woodland Hills, CA 91364. The Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**J.  Plaintiff Group 9**

89.    Plaintiffs Jania Knurowsky and Richard Kleinberger each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Pasadena at 130 N. Sierra Madre Blvd., Pasadena, CA 91107. Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**K.  Plaintiff Group 10**

90.    Plaintiffs Julius Tady, David Schiffman, Lesley Goldberg, Jacinto Mendoza, Sara Lindsey, Kathleen Newcom, Jenny Eakes, Javier Chavez, Alex Barkaloff, Nick Marrufo, Anthony Lojac, Kristen Daly, Kimberly Verdin, Robert Dean, Eden Tuplano, Carlos Munguia, Forrest Kline, Lori Zorn, Terry Snyder, Robert Rand, Joann Degani, Mark Neyfeld, Theodore Markovic, Suren Shahmurdyan, Lowell Thompson, Rosa Herrera, Chris Mazor, Delia Carreon, Beth Bearer, Jennifer Oh, Misty Jardine, Marcos Lutyens, Michelle Wright, and Omar Hernandez each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from certified Volkswagen dealerships within the State of California. Moreover, the Vehicles sold to

COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

## FIRST CAUSE OF ACTION

**Breach of Express Warranty- Song-Beverly Consumer Warranty Act, *Civil Code* Section 1790, *et seq.***
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

91.     Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 90, inclusive, as though fully set forth in this cause of action.

92.     The Vehicle is a "new motor vehicle" pursuant to *Civil Code* §1793.22.

93.     Plaintiffs are a "purchaser" as defined under the Song-Beverly Consumer Warranty Act (*Civil Code* §1791).

94.     Defendant Volkswagen is a "manufacturer" and "distributor" as defined under *Civil Code* §1791.

95.     Defendant Volkswagen of Downtown Los Angeles is a "distributor" as defined under *Civil Code* §1791.

96.     Defendant Volkswagen of Santa Monica is a "distributor" as defined under *Civil Code* §1791.

97.     Defendant Volkswagen of Van Nuys is a "distributor" as defined under *Civil Code* §1791.

98.     Defendant Volkswagen of Alhambra is a "distributor" as defined under *Civil Code* §1791.

13
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 51

99. Defendant Sur Motor Cars is a "distributor" as defined under *Civil Code* §1791.

100. Defendant Timmons Volkswagen of Long Beach is a "distributor" as defined under *Civil Code* §1791.

101. Defendant New Century Volkswagen is a "distributor" as defined under *Civil Code* §1791.

102. Defendant Livingston Volkswagen is a "distributor" as defined under *Civil Code* §1791.

103. Defendant Volkswagen of Pasadena is a "distributor" as defined under *Civil Code* §1791.

104. Plaintiff's purchase of the Vehicle was accompanied by an express written warranty.

105. The Vehicle has numerous defects and nonconformities covered by the express terms of the warranty which manifested within the applicable express warranty period. The nonconformities substantially impair the use, value and/or safety of the Vehicle to a reasonable person in Plaintiff's situation.

106. Plaintiff's delivered the Vehicle to Defendants and/or its authorized repair facility for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

107. Defendants and/or its authorized repair facilities failed to repair the defects and/or nonconformities to match the written warranty after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

108. Despite its breach of express warranties, Defendants have refused and continues to refuse to promptly comply with Plaintiff's demand for a refund or replacement of the Vehicle.

109. As a result of Defendant's failure to remedy the defects as alleged above and promptly issue a refund or replacement of the Vehicle, Defendants are in breach of its obligations under the Song-Beverly Consumer Warranty Act.

110. Defendant's continuing breach of its obligations as set forth herein is willful pursuant to the Song-Beverly Consumer Warranty Act and, as such, Defendants are liable to

14
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,
VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS
VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,
VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 52

Plaintiff's for civil penalties in an amount to be proven at trial.   Defendants are also liable for Plaintiff's attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty- Song-Beverly Consumer Warranty Act, *Civil Code* Section**

**1790, *et seq.***

**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

111.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 110, inclusive, as though fully set forth in this cause of action.

112.    At all times relevant, Defendants appended to the purchase of the Vehicle a written warranty in the form of a written statement pursuant to which it undertook to preserve or maintain the utility or performance of said Vehicle.

113.    Plaintiff's purchase of the Vehicle was accompanied separately, individually, and respectively by Defendants, and each of them, with an implied warranty that the Vehicle was merchantable.

114.    At the time of purchase, Defendants were in the business of manufacturing, distributing and/or selling motor vehicles.

115.    Defendants breached their respective warranties as implied in said purchase of the Vehicle in that the Vehicle had numerous defects and nonconformities requiring multiple repairs and preventing Plaintiff's from using the Vehicle for its intended purpose.  As a result thereof, Plaintiff's did not receive merchantable goods as impliedly warranted by Defendants; Plaintiff's Vehicle was not of the same quality as those generally acceptable in the trade; and the Vehicle

15
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 53

did not measure up to the promises or representations stated in the applicable express warranties.

116.    Plaintiff's incurred out-of-pocket expenses to have the Vehicle repaired and serviced in attempt to conform the Vehicle to the Defendant's express warranty.  Plaintiffs have incurred repair costs in amounts according to proof at the time of trial.

117.    As a further proximate result of Defendant's willful failure to comply with its obligations to Plaintiff's, Defendants are liable for Plaintiff's attorneys' fees, costs and civil penalties.

## THIRD CAUSE OF ACTION

**Violation of California Consumer Legal Remedies Act- *Civil Code* Section 1750, *et seq.***

**(As to all Plaintiffs and as to Defendant Volkswagen)**

118.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 117, inclusive, as though fully set forth in this cause of action.

119.    Defendant Volkswagen is a "person" within the meaning of Civil Code §1761(c) and §1770, and sell "goods" and "services" within the meaning of Civil Code §1761(e) and §1770.

120.    Plaintiffs are a "consumer" within the meaning of Civil Code §1761(d) and §1770.

121.    Plaintiff's engaged in a "transaction" within the meaning of Civil Code §1761(e), including the purchase or lease of the Vehicle from Defendant and the presentation of the Vehicle to Defendant for repair or replacement of the Defect.

122.    As set forth herein, Defendant Volkswagen's acts and practices violate Civil Code §§1750, *et seq.*, including without limitation Civil Code §§1770(a)(9), (a)(14), (a)(16) and (a)(19), in that Defendant: (a) represented that its goods have sponsorship, approval, characteristics, uses, or benefits which they do not have; (b) represented that its goods are of a particular standard, quality, or grade, but are of another; (c) advertised its goods with the intent not to sell them as advertised; (d) represented that a transaction conferred or involved rights, remedies, or obligations which it did not have or involve; and (e) represented that its goods were

16
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,
VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS
VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,
VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 54

supplied in accordance with a previous representation when they were not.

123.    The existence of the Defect is a material fact, of which Plaintiff's were unaware when Plaintiff's purchased or leased the Vehicle.  Consumers value reliability and dependability of automobiles and automobile parts, especially concerning emissions software in the Affected Vehicles.  Had Plaintiff's known of the Defect, Plaintiff's would not have purchased or leased the Vehicle, or would have done so only at a lower price.

124.    Reasonable consumers expect, among other things, that new vehicles, including the Affected Vehicles: (a) have software that complies with current state and federal emissions standards; and (b) function properly for the duration of the warranty, and that defects will be covered under warranty.

125.    Defendant had a duty to disclose the Defect in the Affected Vehicles for various reasons, including that: (a) the Defect's existence is contrary to Defendant's representations and consumers' expectations; (b) Defendant's failure to disclose the Defect was likely to deceive reasonable consumers; (c) Defendant intentionally concealed the Defect with the intent to defraud consumers; and (d) Defendant's concealment of the Defect harmed Plaintiff's.

126.    As a result of Defendant's practices, Plaintiffs have suffered harm.

127.    Pursuant to the provisions of Cal. Civ. Code §1780, Plaintiff's seeks an order enjoining Defendant from engaging in the acts and practices complained of, a declaration that Defendant's conduct violates the Consumer Legal Remedies Act ("CLRA"), and attorneys' fees and costs of litigation.

/ / /

/ / /

/ / /

17
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

## FOURTH CAUSE OF ACTION

**Violation of California Unfair Competition Law – California Business and Professions Code §17200,** *et seq.*

**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

128.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 127, inclusive, as though fully set forth in this cause of action.

129.    The Unfair Business Practices Act defines unfair business competition to include any "unfair," "unlawful," or "fraudulent" business act or practice. Cal: Bus. Prof. Code §§17200 et seq. The Act also provides for injunctive relief and restitution for violations.

130.    Defendant Volkswagen's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

131.    Defendant Volkswagen of Downtown Los Angeles's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

132.    Defendant Volkswagen of Santa Monica's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

133.    Defendant Volkswagen of Van Nuys's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

134.    Defendant Volkswagen of Alhambra's acts and practices, described above,

18
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 56

constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

135.   Defendant Sur Motor Cars' acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

136.   Defendant Timmons Volkswagen of Long Beach's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

137.   Defendant New Century Volkswagen's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

138.   Defendant Livingston Volkswagen's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

139.   Defendant Volkswagen of Pasadena's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

140.   The business practices engaged in by Defendant's that violate the Unfair Competition Law include failing to disclose the Defect at the point of sale, the point of repair, or otherwise.

141.   Defendant's engaged in unlawful business practices by violating the CLRA, Cal. Civ. Code §1750, *et seq.*, and by engaging in conduct, as alleged herein, that breaches the express and implied warranties.

142.   Defendant's engaged in unfair business practices by, among other things:      (a) Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff; (b) Engaging in conduct that undermines or violates the stated policies underlying the CLRA, which seeks to protect consumers against unfair and sharp business

19
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 57

practices and to promote a basic level of honesty and reliability in the marketplace; and (c) Engaging in conduct that causes a substantial injury to consumers, not outweighed by any countervailing benefits to consumers or to competition, which the consumers could not have reasonably avoided.

143. Defendant's engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive consumers acting reasonably under the circumstances.

144. As a direct and proximate result of Defendant's unfair and fraudulent business practices as alleged herein, Plaintiffs have suffered injury-in-fact and lost money or property, in that Plaintiffs have purchased or leased a vehicle that Plaintiff's would not have otherwise purchased, paid for repairs, and is left with a vehicle of diminished value and utility due to the Defect.

145. Plaintiffs are entitled to equitable relief, including restitution of all fees, disgorgement of all profits accruing to Defendant's due to its unfair, fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Defendant's from its unfair, fraudulent, and deceitful activity.

## FIFTH CAUSE OF ACTION

### Fraud
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

146. Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 145, inclusive, as though fully set forth in this cause of action.

20
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 58

147.    At the time Plaintiff's purchased or leased the Vehicle, Defendants Volkswagen, Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena falsely and fraudulently represented to Plaintiff's that the Vehicle contained a "CleanDiesel" engine that, while increasing performance and lowering emissions, conformed to current state and federal emissions standards.

148.    The representations made by Defendant's were false.  In fact, the Vehicle purchased or leased by Plaintiff's contained "defeat device" software, designed by Defendant Volkswagen to cheat emissions testing in the manner herein alleged.  As a result, the Vehicle was incapable of complying with emissions standards at the time that it was purchased or leased by Plaintiff's.

149.    When Defendant's made these representations, Defendant's knew them to be false, and these representations were made by Defendant's with the intent to defraud and deceive Plaintiff's and with the intent to induce Plaintiff's to purchase or lease the Vehicle.  At the time Defendant's made these promises to Plaintiff's, Defendant's had no intention of performing them.

150.    Plaintiff's, at the time these representations were made by Defendant's and at the time Plaintiff's purchased or leased the Vehicle, were ignorant of the falsity of Defendant's representations and believed them to be true.  In reliance on these representations, Plaintiffs were induced to and did purchase the Vehicle.  Had Plaintiff's known the actual facts, Plaintiff's would not have taken such action.  Plaintiff's reliance on Defendant's representations were justified because Defendant's are in a far better position than Plaintiff's to know of the true characteristics of the vehicles that it manufactures and sells, and because Defendant's made express representations and warranties to Plaintiff's regarding the Vehicle's quality and condition.

151.    As a proximate result of Defendant's fraud and deceit and the facts herein alleged, Plaintiffs have been damaged.

152.    In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and Plaintiff's are entitled to punitive damages.

21
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

## SIXTH CAUSE OF ACTION

**Negligent Misrepresentation**
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

153.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 152, inclusive, as though fully set forth in this cause of action.

154.    Defendant's Volkswagen, Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen and Volkswagen of Pasadena made material misrepresentations of fact to Plaintiff concerning the quality and condition of the Vehicle.

155.    At the time the representations were made, Defendant's knew, or by the exercise of reasonable care, should have known, that the statements were false and that the Affected Vehicles suffered from the Defect, as detailed above.

156.    Defendant made such claims about the Vehicle with the intent to induce Plaintiff's to purchase the Vehicle.

157.    Plaintiff's justifiably relied upon Defendant's misrepresentations about the quality and condition of the Vehicle.

158.    Plaintiffs have suffered harm as a result of Defendant's misrepresentations and omissions of material fact.

/ / /

COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

### SEVENTH CAUSE OF ACTION

**Joint Venture**
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles &**
**Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach &**
**Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

159.     Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 158, inclusive, as though fully set forth in this cause of action.

160.     Defendant's Volkswagen, Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena acted in concert and for a common purpose for monetary gain as joint venture partners with an agreement to share the profits, if any, of their unlawful acts, and therefore are jointly and severally liable to Plaintiff's for the damages awarded by this Court.

### EIGHTH CAUSE OF ACTION

**Civil Conspiracy**
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

/ / /

23
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 61

161.     Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 160, inclusive, as though fully set forth in this cause of action.

162.     Defendant Volkswagen engaged in civil conspiracy with Defendant's Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, Volkswagen of Pasadena, and with person(s) unknown to the Plaintiff's to conceal the Defect.

163.     The conspiracy had the unlawful objective of profiting from the sale of New Vehicle's containing the Defect.

164.     Defendants had a meeting of the minds with each other and person(s) unknown. This meeting of the minds was manifested by Volkswagen's admission to the EPA establishing the existence of the Defect in all Volkswagen 3.0-Liter engines since 2009.

165.     In furtherance of this civil conspiracy, Defendants committed the acts alleged herein.

166.     The following actions of the Defendants, among others, are unlawful overt acts in furtherance of the conspiracy:

a.       Volkswagens 2009 discovery of the Defect in all 3.0-Liter engines manufactured by Volkswagen from 2009 to 2016.

b.       Volkswagen disclosed the Defect to Defendant's Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena.

c.       Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena concealed information regarding the Defect in order to profit from the sale of the defective 3.0-

24
COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA, VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN, VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

Exhibit B, Page 62

Liter Engines produced by Volkswagen.

167.    Appropriate injunctive and legal relief is necessary to undo the effects on the Plaintiffs of the civil conspiracy. If the civil conspiracy is not stopped by such injunctive relief and/or through appropriate legal remedies, Plaintiff's will continue to suffer injury from the unlawful collusion existing between Volkswagen and its subsidiary conglomerates.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff's pray for judgment as follows:

a.    For an award of civil penalties, damages, specific performance, and/or rescission;

b.    For an award of restitution and disgorgement of profits, or other equitable relief as the Court deems proper;

c.    For an order enjoining Defendant from continuing to engage in unlawful business practices as alleged herein;

d.    For an award of pre-judgment and post-judgment interest at the legal rate;

e.    For an award of reasonable attorneys' fees and costs of suit;

f.    For an order imposing a constructive trust over the revenues from sales of and resulting profits received by Defendant as a result of its wrongful conduct; and

g.    For such other and further relief as this Court deems just and proper.

Dated:   March 9, 2016

By:  Steven L. Marchbanks, Esq.
PREMIER LEGAL CENTER, A.P.C.
ATTORNEY FOR PLAINTIFF

COMPLAINT
*PLAINTIFFS V. VOLKSWAGEN OF DOWNTOWN LOS ANGELES, VOLKSWAGEN OF SANTA MONICA,*
*VOLKSWAGEN OF VAN NUYS, VOLKSWAGEN OF ALHAMBRA, SUR MOTOR CARS, TIMMONS*
*VOLKSWAGEN OF LONG BEACH, NEW CENTURY VOLKSWAGEN, LIVINGSTON VOLKSWAGEN,*
*VOLKSWAGEN OF PASADENA, AND VOLKSWAGEN GROUP OF AMERICA, INC.*

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|

Steven L. Marchbanks (SBN 214680)
Premier Legal Center, A.P.C.
501 W. Broadway, Ste. 1095
San Diego, CA 92101
TELEPHONE NO.: 619-235-3200   FAX NO. (Name): 619-235-3300
ATTORNEY FOR (Name): Plaintiffs

**FOR COURT USE ONLY**

CONFORMED COPY
ORIGINAL FILED
Superior Court of California
County of Los Angeles

MAR 1 0 2016

Sherri R. Carter, Executive Officer/Clerk
By: Judi Lara, Deputy

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 North Hill Street
MAILING ADDRESS: 111 North Hill Street
CITY AND ZIP CODE: Los Angeles, 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
LORRAINE WILKE v. VOLKSWAGEN GROUP OF AMERICA

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☑ Unlimited  ☐ Limited | ☐ Counter  ☐ Joinder | BC 6 1 3 3 2 7 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | JUDGE:  DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☑ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☐ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 8
5. This case ☐ is ☑ is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: March 9, 2016
Steven L. Marchbanks
(TYPE OR PRINT NAME)                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 www.courtinfo.ca.gov |

By Fax

Exhibit B, Page 64

COPY

| SHORT TITLE: Lorraine Wilke et al v. Volkswagen et al | CASE NUMBER BC 613327 |
|---|---|

## CIVIL CASE COVER SHEET ADDENDUM AND
## STATEMENT OF LOCATION
## (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.**

**Item I.** Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☐ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 1   ☐ HOURS/ ☑ DAYS

**Item II.** Indicate the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet form, find the main Civil Case Cover Sheet heading for your case in the left margin below, and, to the right in Column **A**, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column **B** below which best describes the nature of this case.

**Step 3:** In Column **C**, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Local Rule 2.0.

| Applicable Reasons for Choosing Courthouse Location (see Column C below) |
|---|

1. Class actions must be filed in the Stanley Mosk Courthouse, central district.
2. May be filed in central (other county, or no bodily injury/property damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons,<br>See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100  Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110  Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070  Asbestos Property Damage | 2. |
| | | ☐ A7221  Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260  Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210  Medical Malpractice - Physicians & Surgeons | 1., 4. |
| | | ☐ A7240  Other Professional Health Care Malpractice | 1., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250  Premises Liability (e.g., slip and fall) | 1., 4. |
| | | ☐ A7230  Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 4. |
| | | ☐ A7270  Intentional Infliction of Emotional Distress | 1., 3. |
| | | ☐ A7220  Other Personal Injury/Property Damage/Wrongful Death | 1., 4. |

| LACIV 109 (Rev. 03/11)<br>LASC Approved 03-04 | CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION | Local Rule 2.0<br>Page 1 of 4 |
|---|---|---|

| SHORT TITLE: Lorraine Wilke et al v. Volkswagen et al | CASE NUMBER |
|---|---|

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort** | Business Tort (07) | ☐ A6029  Other Commercial/Business Tort (not fraud/breach of contract) | 1., 3. |
| | Civil Rights (08) | ☐ A6005  Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010  Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013  Fraud (no contract) | 1., 2., 3. |
| | Professional Negligence (25) | ☐ A6017  Legal Malpractice<br>☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3.<br>1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2.,3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case<br>☐ A6109  Labor Commissioner Appeals | 1., 2., 3.<br>10. |
| **Contract** | Breach of Contract/ Warranty (06)<br>(not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction)<br>☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence)<br>☐ A6019  Negligent Breach of Contract/Warranty (no fraud)<br>☑ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 2., 5.<br>2., 5.<br>1., 2., 5.<br>1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff<br>☐ A6012  Other Promissory Note/Collections Case | 2., 5., 6.<br>2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud<br>☐ A6031  Tortious Interference<br>☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 5.<br>1., 2., 3., 5.<br>1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation     Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure<br>☐ A6032  Quiet Title<br>☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6.<br>2., 6.<br>2., 6. |
| **Unlawful Detainer** | Unlawful Detainer-Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer-Post-Foreclosure (34) | ☐ A6020F Unlawful Detainer-Post-Foreclosure | 2., 6. |
| | Unlawful Detainer-Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 2 of 4

Exhibit B, Page 66

| SHORT TITLE: Lorraine Wilke et al v. Volkswagen et al | CASE NUMBER |
|---|---|

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons See Step 3 Above |
|---|---|---|---|
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108   Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115   Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |
| | Writ of Mandate (02) | ☐ A6151   Writ - Administrative Mandamus | 2., 8. |
| | | ☐ A6152   Writ - Mandamus on Limited Court Case Matter | 2. |
| | | ☐ A6153   Writ - Other Limited Court Case Review | 2. |
| | Other Judicial Review (39) | ☐ A6150   Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ A6003   Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007   Construction Defect | 1., 2., 3. |
| | Claims Involving Mass Tort (40) | ☐ A6006   Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035   Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort Environmental (30) | ☐ A6036   Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage Claims from Complex Case (41) | ☐ A6014   Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ A6141   Sister State Judgment | 2., 9. |
| | | ☐ A6160   Abstract of Judgment | 2., 6. |
| | | ☐ A6107   Confession of Judgment (non-domestic relations) | 2., 9. |
| | | ☐ A6140   Administrative Agency Award (not unpaid taxes) | 2., 8. |
| | | ☐ A6114   Petition/Certificate for Entry of Judgment on Unpaid Tax | 2., 8. |
| | | ☐ A6112   Other Enforcement of Judgment Case | 2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033   Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints (Not Specified Above) (42) | ☐ A6030   Declaratory Relief Only | 1., 2., 8. |
| | | ☐ A6040   Injunctive Relief Only (not domestic/harassment) | 2., 8. |
| | | ☐ A6011   Other Commercial Complaint Case (non-tort/non-complex) | 1., 2., 8. |
| | | ☐ A6000   Other Civil Complaint (non-tort/non-complex) | 1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ A6113   Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions (Not Specified Above) (43) | ☐ A6121   Civil Harassment | 2., 3., 9. |
| | | ☐ A6123   Workplace Harassment | 2., 3., 9. |
| | | ☐ A6124   Elder/Dependent Adult Abuse Case | 2., 3., 9. |
| | | ☐ A6190   Election Contest | 2. |
| | | ☐ A6110   Petition for Change of Name | 2., 7. |
| | | ☐ A6170   Petition for Relief from Late Claim Law | 2., 3., 4., 8. |
| | | ☐ A6100   Other Civil Petition | 2., 9. |

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 3 of 4

Exhibit B, Page 67

| SHORT TITLE: Lorraine Wilke et al v. Volkswagen et al | CASE NUMBER |
|---|---|

**Item III.** Statement of Location: Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected for this case.

☑1. ☑2. ☐3. ☐4. ☑5. ☐6. ☐7. ☐8. ☐9. ☐10. | ADDRESS: 400 W. Ninth Street |
|---|---|
| **CITY:** Los Angeles | **STATE:** CA | **ZIP CODE:** 90015 | |

**Item IV.** *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the ___Los Angeles___ courthouse in the ___Central Judicial___ District of the Superior Court of California, County of Los Angeles [Code Civ. Proc., § 392 et seq., and Local Rule 2.0, subds. (b), (c) and (d)].

Dated: __3-10-16__

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet, Judicial Council form CM-010.

4. Civil Case Cover Sheet Addendum and Statement of Location form, LACIV 109, LASC Approved 03-04 (Rev. 03/11).

5. Payment in full of the filing fee, unless fees have been waived.

6. A signed order appointing the Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court in order to issue a summons.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 03/11)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

Local Rule 2.0
Page 4 of 4

Exhibit B, Page 68

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
NOTICE OF CASE ASSIGNMENT - UNLIMITED CIVIL CASE (NON-CLASS ACTION)
Case Number _____

**BC 6 1 3 3 2 7**

### THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT

Your case is assigned for all purposes to the judge indicated below. There is more information on the reverse side of this form.

| ASSIGNED JUDGE | DEPT | ROOM | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|
| Hon. Kevin C. Brazile | 1 | 534 | Hon. Elizabeth Allen White | 48 | 506 |
| Hon. Barbara A. Meiers | 12 | 636 | Hon. Deirdre Hill | 49 | 509 |
| Hon. Terry A. Green | 14 | 300 | Hon. Teresa A. Beaudet | 50 | 508 |
| Hon. Richard Fruin | 15 | 307 | Hon. Michael J. Raphael | 51 | 511 |
| Hon. Rita Miller | 16 | 306 | Hon. Susan Bryant-Deason | 52 | 510 |
| Hon. Richard E. Rico | 17 | 309 | Hon. Steven J. Kleifield | 53 | 513 |
| Hon. Stephanie Bowick | 19 | 311 | Hon. Ernest M. Hiroshige | 54 | 512 |
| Hon. Dalila Corral Lyons | 20 | 310 | Hon. Malcolm H. Mackey | 55 | 515 |
| Hon. Robert L. Hess | 24 | 314 | Hon. Michael Johnson | 56 | 514 |
| Hon. Yvette M. Palazuelos | 28 | 318 | Hon. John P. Doyle | 58 | 516 |
| Hon. Barbara Scheper | 30 | 400 | Hon. Gregory Keosian | 61 | 732 |
| Hon. Samantha Jessner | 31 | 407 | Hon. Michael L. Stern | 62 | 600 |
| Hon. Daniel S. Murphy | 32 | 406 | Hon. Mark Mooney | 68 | 617 |
| Hon. Michael P. Linfield | 34 | 408 | Hon. William F. Fahey | 69 | 621 |
| Hon. Gregory Alarcon | 36 | 410 | Hon. Suzanne G. Bruguera | 71 | 729 |
| Hon. Marc Marmaro | 37 | 413 | Hon. Ruth Ann Kwan | 72 | 731 |
| Hon. Maureen Duffy-Lewis | 38 | 412 | Hon. Rafael Ongkeko | 73 | 733 |
| Hon. Elizabeth Feffer | 39 | 415 | Hon. Teresa Sanchez-Gordon | 74 | 735 |
| Hon. Michelle R. Rosenblatt | 40 | 414 | Hon. Gail Ruderman Feuer | 78 | 730 |
| Hon. Holly E. Kendig | 42 | 416 | | | |
| Hon. Mel Red Recana | 45 | 529 | Hon. Emile H. Elias | 324 | CCW |
| Hon. Frederick C. Shaller | 46 | 500 | *Provisionally Complex Non-class Action Cases Assignment is Pending Complex Determination | 324 | CCW |
| Hon. Debre K. Weintraub | 47 | 507 | | | |

#### *Complex

All non-class action cases designated as provisionally complex are forwarded to the Supervising Judge of the Complex Litigation Program located in the Central Civil West Courthouse (600 S. Commonwealth Ave., Los Angeles 90005), for complex/non-complex determination pursuant to Local Rule 3.3(k). This procedure is for the purpose of assessing whether or not the case is complex within the meaning of California Rules of Court, rule 3.400. Depending on the outcome of that assessment, the case may be reassigned to one of the judges of the Complex Litigation Program or reassigned randomly to a court in the Central District.

Given to the Plaintiff/Cross-Complainant/Attorney of Record of MAR 1 02016   SHERRI R. CARTER, Executive Officer/Clerk

By _____, Deputy Clerk

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the Chapter Three Rules, as applicable in the Central District, are summarized for your assistance.

### APPLICATION

The Chapter Three Rules were effective January 1, 1994.  They apply to all general civil cases.

### PRIORITY OVER OTHER RULES

The Chapter Three Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE

A challenge under Code of Civil Procedure section 170.6 must be made within 15 days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS

Cases assigned to the Individual Calendaring Court will be subject to processing under the following time standards:

**COMPLAINTS:** All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days of filing.

**CROSS-COMPLAINTS:** Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

A Status Conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE

The Court will require the parties at a status conference not more than 10 days before the trial to have timely filed and served all motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested jury instructions, and special jury instructions and special jury verdicts.  These matters may be heard and resolved at this conference.  At least 5 days before this conference, counsel must also have exchanged lists of exhibits and witnesses and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Eight of the Los Angeles Superior Court Rules.

### SANCTIONS

The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party or if appropriate on counsel for the party.

**This is not a complete delineation of the Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is absolutely imperative.**

NOTICE SENT TO:

Premier Legal Center, A.P.C.
501 W. Broadway, Ste. 1095
San Diego         CA   92101

FILE STAMP
Superior Court of California
County of Los Angeles

APR 21 2016

Sherri R. Carter, Executive Officer/Clerk

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | |
|---|---|---|
| LORRAINE WILKE ET AL | | **CASE NUMBER** |
| | Plaintiff(s), | BC613327 |
| VS. | | |
| VOLKSWAGEN OF DOWNTOWN LOS ANGELES E | | **NOTICE OF CASE MANAGEMENT CONFERENCE** |
| | Defendant(s). | |

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/ attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled for <u>June 13, 2016</u> at <u>8:30 am</u> in <u>Dept. 32</u> at 111 North Hill Street, Los Angeles, California 90012.

**NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.**

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least **15 calendar days** prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and a trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, section 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code Section 68608 (b), and California Rules of Court 2.2 et seq.

Date: <u>April 21, 2016</u>

_____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named above:

[   ] by depositing in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed herein in a separate sealed envelope to each address as shown above with postage thereon fully prepaid.

[   ] by personally giving the party notice upon filing the complaint.
Date: <u>April 21, 2016</u>                                  Sherri R. Carter, Executive Officer/Clerk

by_____, Deputy Clerk

LACIV 132 (Rev. 07/13)                                      Cal. Rules of Court, rule 3.720-3.730
LASC Approved 10-03                                         LASC Local Rules, Chapter Three



$0.705
US POSTAGE
FIRST-CLASS
FROM 92101
MAR 31 2016
stamps
.com

PREMIER LEGAL CENTER
501 W. BROADWAY, STE 1095
SAN DIEGO CA 92101-8500

Exhibit B, Page 72



Premier Legal Center
501 W. Broadway, Ste 1095
San Diego, CA 92101

**CERTIFIED MAIL®**

7014 2870 0000 8027 8600

$8.33
US POSTAGE
FIRST-CLASS
062S0009260770
92101

San Diego CA U.S. POST OFFICE ZIP

FRI 01 APR 2016  PM

Volkswagen Group of America, Inc.
C/O CSC Corporation Service Company
2710 Gateway Oaks Drive, Suite 150N
Sacramento, CA 95833

Exhibit B, Page 73

1   Steven L Marchbanks, Esq. SBN:   214686
    PREMIER LEGAL CENTER, A.P.C.
2   501 W. Broadway, Suite 1095
    San Diego, CA 92101
3   Telephone:  (619) 235-3200
    Facsimile:   (619) 235-3300
4

5   Attorney for Plaintiffs

6

7

8                 **SUPERIOR COURT OF THE STATE OF CALIFORNIA**
9                          **COUNTY OF LOS ANGELES**

10

11

12

13   LORRAINE WILKE, an individual,          CASE NO:  BC613327
     PETE WILKE, an individual,
14   ELIZABETH SEAVER, an individual,        **PLAINTIFF'S    FIRST    AMENDED**
     MARTHA OWENS, an individual,            **COMPLAINT   AND   DEMAND   FOR**
15   RONALD BANKSTON, an individual,         **JURY TRIAL**
     JAZMYN YOUNG, an individual,
16   JORDAN GROPACK, an individual,          **1.  Breach of Express Warranty (Song-**
     MATTHEW COPPOLA, an individual,         **Beverly Consumer Warranty Act,** *Civil*
17   PHYLLIS REFFO, an individual,           *Code* **§1791);**
     ARSALAN MOTAMEN, an individual,         **2.  Breach of Implied Warranty Act**
18   MANIJEH MOTAMEN, an individual,         **(Song-Beverly Consumer Warranty Act,**
     BENNY ISAAC, an individual,             *Civil Code* **§1791);**
19   ROBERT PETRARCA, an individual,         **3.  Violation of California Consumer**
     PAUL HILL, an individual,               **Legal Remedies Act;**
20   MARCO FLORES, an individual,            **4.  Violation of California Unfair**
     RACHAEL EDSON, an individual,           **Competition Law;**
21   ROSEMARY TRUJILLO, an individual,       **5.  Fraud;**
     HEIDI DAUWALTER, an individual,         **6.  Negligent Misrepresentation;**
22   ROBERT MARTIN, an individual,           **7.  Joint Venture; and**
     JOHNNY IRAHOLA, an individual,          **8.  Civil Conspiracy**
23   THOMAS MIRANDA, an individual,
     EDWIN GUARDIA, an individual,
24   JANAI KNUROWSKY, an individual,
     RICHARD KLEINBERGER, an individual,
25   JULIUS TADY, an individual,

26

27

28

DAVID SCHIFFMAN, an individual,
LESLEY GOLDBERG, an individual,
JACINTO MENDOZA, an individual,
SARA LINDSEY, an individual,
KATHLEEN NEWCOM, an individual,
JENNY EAKES, an individual,
JAVIER CHAVEZ, an individual,
ALEX BARKALOFF, an individual,
NICK MARRUFO, an individual,
ANTHONY LOJAC, an individual,
KRISTEN DALY, an individual,
KIMBERLY VERDIN, an individual,
ROBERT DEAN, an individual,
EDEN TUPLANO, an individual,
CARLOS MUNGUIA, an individual,
FORREST KLINE, an individual,
LORI ZORN, an individual,
TERRY SNYDER, an individual,
ROBERT RAND, an individual,
JOANN DEGANI, an individual,
MARK NEYFELD, an individual,
THEODORE MARKOVIC, an individual,
SUREN SHAHMURDYAN, an individual,
OMAR HERNANDEZ, an individual,
LOWELL THOMPSON, an individual,
ROSA HERRERA, an individual,
DELIA CARREON, an individual,
BETH BEARER, an individual,
JENNIFER OH, an individual,
MIGUEL FERNANDEZ, an individual,
MISTY JARDINE, an individual,
MARCOS LUTYENS, an individual,
MICHELLE WRIGHT, an individual,
CHRIS MAZOR, an individual,

                    Plaintiffs,

v.

VOLKSWAGEN OF DOWNTOWN LOS
ANGELES, a business,
VOLKSWAGEN OF SANTA MONICA, a
business,
VOLKSWAGEN OF VAN NUYS, a business,

1     VOLKSWAGEN OF ALHAMBRA, a business,
2     SUR MOTOR CARS, a corporation,
      TIMMONS VOLKSWAGEN OF LONG
3     BEACH, a business,
      NEW CENTURY VOLKSWAGEN, a business,
4     LIVINGSTON VOLKSWAGEN, a business,
      VOLKSWAGEN OF PASADENA, a business,
5     VOLKSWAGEN GROUP OF AMERICA, INC.,
6     a corporation, and DOES 1 through 10, inclusive,

7         Defendants.

8

9        Plaintiffs LORRAINE WILKE, an individual, PETE WILKE, an individual,

10 ELIZABETH SEAVER, an individual, MARTHA OWENS, an individual, RONALD

11 BANKSTON, an individual, JAZMYN YOUNG, an individual, JORDAN GROPACK, an

12 individual, MATTHEW COPPOLA, an individual, PHYLLIS REFFO, an individual,

13 ARSALAN MOTAMEN, an individual, MANIJEH MOTAMEN, an individual, BENNY

14 ISAAC, an individual, ROBERT PETRARCA, an individual, PAUL HILL, an individual,

15 MARCO FLORES, an individual, RACHAEL EDSON, an individual, ROSEMARY

16 TRUJILLO, an individual, HEIDI DAUWALTER, an individual, ROBERT MARTIN, an

17 individual, JOHNNY IRAHOLA, an individual, THOMAS MIRANDA, an individual, EDWIN

18 GUARDIA, an individual, JANIA KNUROWSKY, an individual, RICHARD KLEINBERGER,

19 an individual, JULIUS TADY, an individual, DAVID SCHIFFMAN, an individual, LESLEY

20 GOLDBERG, an individual, JACINTO MENDOZA, an individual, SARA LINDSEY, an

21 individual, KATHLEEN NEWCOM, an individual, JENNY EAKES, an individual, JAVIER

22 CHAVEZ, an individual, ALEX BARKALOFF, an individual, NICK MARRUFO, an

23 individual, ANTHONY LOJAC, an individual, KRISTEN DALY, an individual, KIMBERLY

24 VERDIN, an individual, ROBERT DEAN, an individual, EDEN TUPLANO, an individual,

25 CARLOS MUNGUIA, an individual, FORREST KLINE, an individual, LORI ZORN, an

26 individual, TERRY SNYDER, an individual, ROBERT RAND, an individual, JOANN

27 DEGANI, an individual, MARK NEYFELD, an individual, THEODORE MARKOVIC, an

28

individual, SUREN SHAHMURDYAN, an individual, OMAR HERNANDEZ, an individual, LOWELL THOMPSON, an individual, ROSA HERRERA, an individual, DELIA CARREON, an individual, BETH BEARER, an individual, MIGUEL FERNANDEZ, an individual, JENNIFER OH, an individual, CHRIS MAZOR, an individual, MISTY JARDINE, an individual, MARCOS LUTYENS, an individual, and MICHELLE WRIGHT, an individual, (referred to herein as "Plaintiff's") files this Complaint and alleges as follows:

## THE PARTIES

1.      Plaintiff Lorraine Wilke resides in Playa Del Rey, California.

2.      Plaintiff Pete Wilke resides in Playa Del Rey, California.

3.      Plaintiff Elizabeth Seaver resides Glendale, California.

4.      Plaintiff Martha Owens resides in Los Angeles, California.

5.      Plaintiff Ronald Bankston resides in Los Angeles, California.

6.      Plaintiff Jazmyn Young resides in Los Angeles, California.

7.      Plaintiff Jordan Gropack resides in Beverly Hills, California.

8.      Plaintiff Matthew Coppola resides in Santa Monica, California.

9.      Plaintiff Phyllis Reffo resides in Malibu, California.

10.     Plaintiff Arsalan Motamen resides in Woodland Hills, California.

11.     Plaintiff Manijeh Motamen resides in Woodland Hills, Calfornia.

12.     Plaintiff Benny Isaac resides in Sherman Oaks, California.

13.     Plaintiff Robert Petrarca resides in Studio City, California.

14.     Plaintiff Paul Hill resides in Ontario, California.

15.     Plaintiff Marco Flores resides in Lancaster, California.

16.     Plaintiff Rachael Edson resides in Lakewood, California.

17.     Plaintiff Rosemary Trujillo resides in San Pedro, California.

18.     Plaintiff Heidi Dauwalter resides in Simi Valley, California.

19.     Plaintiff Robert Martin resides in Fresno, California.

20.     Plaintiff Johnny Irahola resides in Glendale, California.

21.    Plaintiff Thomas Miranda resides in Morongo Valley, California.

22.    Plaintiff Edwin Guardia resides in Chatsworth, California.

23.    Plaintiff Julius Tady resides in Los Angeles, California.

24.    Plaintiff David Schiffman resides in Los Angeles, California.

25.    Plaintiff Lesley Goldberg resides in Los Angeles, California.

26.    Plaintiff Jacinto Mendoza resides in Los Angeles, California.

27.    Plaintiff Sara Lindsey resides in Los Angeles, California.

28.    Plaintiff Kathleen Newcom resides in Los Angeles, California.

29.    Plaintiff Jenny Eakes resides in Los Angeles, California.

30.    Plaintiff Javier Chavez resides in Los Angeles, California.

31.    Plaintiff Alex Barkaloff resides in Los Angeles, California.

32.    Plaintiff Nick Marrufo resides in West Hollywood, California.

33.    Plaintiff Anthony Lojac resides in Beverly Hills, California.

34.    Plaintiff Kristen Daly resides in Santa Monica, California.

35.    Plaintiff Kimberly Verdin resides in Pico Rivera, California.

36.    Plaintiff Robert Dean resides in Pico Rivera, California.

37.    Plaintiff Eden Tuplano resides in Carson, California.

38.    Plaintiff Carlos Munguia resides in Signal Hill, California.

39.    Plaintiff Forrest Kline resides in Long Beach, California.

40.    Plaintiff Lori Zorn resides in Long Beach, California.

41.    Plaintiff Terry Snyder resides in Pasadena, California.

42.    Plaintiff Robert Rand resides in Pasadena, California.

43.    Plaintiff Joann Degani resides in Chatsworth, California.

44.    Plaintiff Mark Nayfeld resides in Encino, California.

45.    Plaintiff Theodore Markovic resides in Woodland Hills, California.

46.    Plaintiff Suren Shahmurdyan resides in Burbank, California.

47.    Plaintiff Omar Hernandez resides in Baldwin Park, California.

48.     Plaintiff Lowell Thompson resides in Palmdale, California.

49.     Plaintiff Rosa Herrera resides in La Puente, California.

50.     Plaintiff Delia Carreon resides in Los Angeles, California.

51.     Plaintiff Beth Bearer resides in Los Angeles, California.

52.     Plaintiff Chris Mazor resides in Burbank, California.

53.     Plaintiff Miguel Fernandez resides in Los Angeles, California.

54.     Plaintiff Jennifer Oh resides in Los Angeles, California.

55.     Plaintiff Misty Jardine resides in Beaumont, California.

56.     Plaintiff Marcos Lutyens resides in Los Angeles, California.

57.     Plaintiff Michelle Wright resides in Los Angeles, California.

58.     Defendant VOLKSWAGEN OF DOWNTOWN LOS ANGELES is a business registered and transacting business in the County of Los Angeles, State of California.

59.     Defendant VOLKSWAGEN OF SANTA MONICA  is a business registered and transacting business in the County of Los Angeles, State of California.

60.     Defendant VOLKSWAGEN OF VAN NUYS is a business registered and transacting business in the County of Los Angeles, State of California.

61.     Defendant VOLKSWAGEN OF ALHAMBRA is a business registered and transacting business in the County of Los Angeles, State of California.

62.     Defendant SUR MOTOR CARS is a corporation registered and transacting business in the County of Los Angeles, State of California.

63.     Defendant TIMMONS VOLKSWAGEN OF LONG BEACH is a business registered and transacting business in the County of Los Angeles, State of California.

64.     Defendant NEW CENTURY VOLKSWAGEN is a business registered and transacting business in the County of Los Angeles, State of California.

65.     Defendant LIVINGSTON VOLKSWAGEN is a business registered and transacting business in the County of Los Angeles, State of California.

66.     Defendant VOLKSWAGEN OF PASADENA is a business registered and

transacting business in the County of Los Angeles, State of California.

67.     Defendant VOLKSWAGEN GROUP OF AMERICA, INC. ("Volkswagen") is a corporation registered and transacting business in the County of Los Angeles, State of California.

68.     The true names and capacities of Defendants sued herein under *Code of Civil Procedure* Section 474 as DOES 1 through 10, inclusive, are presently unknown to Plaintiff's who will seek to amend this Complaint to include these DOE Defendants when they are identified.

69.     At all times mentioned in the Complaint, each of the Defendants were agents of each and every other Defendant.  In doing the things alleged in the Complaint, each Defendant was acting within the course and scope of their agency and was acting with the consent, permission and authorization of each of the other Defendants.

### JURISDICTION AND VENUE

70.     This Court has jurisdiction over each Defendant pursuant to *Code of Civil Procedure* Section 410.10 by virtue of their extensive business dealings and transactions within this state.  Each Defendant is either a corporation or association organized under the laws of the State of California, a foreign corporation or association authorized to do business in California, or does sufficient business, has sufficient minimum contacts with, or avails itself of the California market through the manufacturing, production, promotion, sale, marketing and distribution of product in California.  Exercise of jurisdiction by California courts is permissible under traditional notions of fair play and substantial justice.

71.     Venue is proper in this County pursuant to Title 29 of the United States Code, Chapter 18 Section 1132 and Code of Civil Procedure Section 395 and 395.5, as this is a court of competent jurisdiction, and the transactions and events for sale of the subject vehicle was entered into in the State of California.

///

///

**GENERAL ALLEGATIONS**

72.     The State of California, through the California Air Resources Board ("CARB"), has passed and enforced laws designed to protect U.S. citizens from pollution and, in particular, certain chemicals and agents known to cause disease in humans.  Automobile manufacturers must abide by state laws of California and adhere to the CARB rules and regulations.  This case arises because Plaintiff's claim that Defendant Volkswagen and its affiliates purposefully and intentionally breached the laws of the State of California and the rules and regulations of the CARB by selling in the state of California vehicles manufactured by its affiliates, Volkswagen AG and Audi AG, which purposefully evaded state laws.

73.     On September 18, 2015 the CARB discovered sophisticated software in the Volkswagen and Audi diesel vehicles sold by Defendant Volkswagen in the state of California which detects when the vehicle is undergoing official emissions testing and turns on full emissions controls only during the test.  However, at all other times the vehicle is running, the emissions controls are suppressed.  As a result, the vehicle satisfies emissions standards in the laboratory or state testing station, but, during normal operation, emits nitrogen oxides (NOx) at up to 40 times the standard allowed under California laws and regulations (the "Defect").  The software produced and used by Volkswagen is a "defeat device" as defined by the CARB.

74.     The CARB has strict emissions standards for vehicles and requires vehicle manufacturers to certify to the CARB that the vehicles sold in the state of California meet applicable state emissions standards to control air pollution.  Every vehicle sold in the state of California must be covered by a CARB issued certificate of conformity.  Under California state law, cars equipped with defeat devices, which reduce the effectiveness of the emissions control system during normal driving conditions, cannot be certified.  By manufacturing and selling cars with defeat devices that allowed for higher levels of emissions and certifying to the CARB that those vehicles satisfied emissions standards, Volkswagen violated the CARB regulations and standards, defrauded its customers, and engaged in unfair competition under state law.

75.     According to the CARB, Volkswagen installed its "defeat device" in at least the

following diesel models of its vehicles (the "Affected Vehicles"):  MY 2009-2015 VW Jetta; MY 2009-2015 VW Beetle; MY 2009-2015 VW Golf; MY 2014-2015 VW Passat; and MY 2009-2015 Audi A3.

76.     Volkswagen expressly marketed and advertised its "CleanDiesel" models as powerful and extraordinarily clean in California.  Volkswagen has charged a substantial premium for the Affected Vehicles, ironically marketed by Volkswagen as "CleanDiesel."  For example, the 2015 Volkswagen Jetta, the base S model has a starting MSRP of $18,780.  The base TDI S CleanDiesel, however, has a starting MSRP of $21,640, a price premium of $2,860. The CleanDiesel premium for the highest trim Jetta model is substantially higher.  The highest level gas Jetta SE has a starting MSRP of $20,095, while the CleanDiesel TDI SEL MSRP is $26,410, a staggering $6,315 premium.  These premiums occur across all of the vehicles in which Volkswagen installed its "defeat device" for emissions testing.

77.     Volkswagen has been ordered by the CARB to recall the Affected Vehicles and repair them so that they comply with EPA emissions requirements at all times during normal operation.  However, Volkswagen will not be able to make the Affected Vehicles comply with emissions standards without substantially degrading their performance characteristics, including their horsepower and their efficiency.

**PLAINTIFF'S PURCHASE OF THE VEHICLE**

**A. General Plaintiff Facts**

78.     Between 2009 and 2016, Plaintiff's purchased new Volkswagen and/or Audi vehicles ("Vehicle"), from authorized Volkswagen dealerships within the State of California.  It was represented to Plaintiff's at the time of sale through dealership representatives, warranties and sales brochures, and other advertisements and/or written statements that the Vehicle conformed to current U.S. emissions standards.   Plaintiff's detrimentally relied on these representations concerning the Vehicle's emissions and purchased the Vehicle believing these representations and warranties to be true.  Plaintiff's spent substantially more money to purchase a Vehicle with a "CleanDiesel" engine that would increase performance while

simultaneously lowering emissions and that conformed to current state and federal emissions standards.  Unbeknownst to Plaintiff's, the Vehicle was unable to comply with such standards at the time of purchase.

79.    Although Volkswagen has been ordered to recall the Affected Vehicles, even if Volkswagen is able to make the Affected Vehicles EPA-compliant, Plaintiff's will nonetheless suffer actual harm and damages because the Vehicle will no longer perform as it did when purchased and as advertised.  This will necessarily result in a diminution in value of the Vehicle and will cause Plaintiff's to pay more for fuel while using the Vehicle.

80.    As a result of Volkswagen's unfair, deceptive, and/or fraudulent business practices, and its failure to disclose that under normal operating conditions the Vehicle emits 40 times the allowed levels, Plaintiffs have suffered losses in money and/or property.  Had Plaintiff's known of the "defeat device" at the time of purchase or lease of the Vehicle, Plaintiff's would not have purchased or leased the Vehicle, or would have paid substantially less for the Vehicle.  Moreover, if and when Volkswagen recalls the Affected Vehicles and degrades the CleanDiesel engine performance in order to make the Affected Vehicles compliant with EPA standards, Plaintiff's will be required to spend additional sums on fuel and will not obtain the performance characteristics of the Vehicle that were promised when purchased or leased.  Additionally, the Vehicle will necessarily be worth less in the marketplace because of its decrease in performance and efficiency.

**B.  Plaintiff Group 1**

81.    Plaintiffs Lorraine Wilke, Pete Wilke, Elizabeth Seaver, Martha Owens and Ronald Bankston each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Downtown Los Angeles at 1900 S. Figueroa St., Los Angeles, CA 90007.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**C.  Plaintiff Group 2**

82.    Plaintiffs Jazmyn Young, Jordan Gropack, Phyllis Reffo, Matthew Coppola,

Arsalan Motamen, Manijeh Motamen, and Benny Isaac each purchased a new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Santa Monica at 2440 Santa Monica Blvd., Santa Monica, CA 90404.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**D.  Plaintiff Group 3**

83.     Plaintiff Robert Petrarca purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Van Nuys at 6115 Van Nuys Blvd., Van Nuys, CA 91401.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**E.  Plaintiff Group 4**

84.     Plaintiff Paul Hill purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Alhambra at 1811 W. Main St., Alhambra, CA 91801.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**F.  Plaintiff Group 5**

85.     Plaintiff Marco Flores purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Sur Motor Cars at 504 E. Alondra Blvd., Gardena, CA 90248.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**G.  Plaintiff Group 6**

86.     Plaintiffs Rachael Edson and Rosemary Trujillo each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Timmons Volkswagen of Long Beach at 3940 Cherry Ave, Long Beach, CA 90807.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**H.  Plaintiff Group 7**

87.     Plaintiffs Heidi Dauwalter, Robert Martin, and Johnny Irahola each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from New Century

Volkswagen at 1220 S. Brand Blvd., Glendale, CA 91204.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**I.  Plaintiff Group 8**

88.     Plaintiffs Edwin Guardia and Thomas Miranda each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Livingston Volkswagen at 21141 Ventura Blvd., Woodland Hills, CA 91364.  The Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**J.  Plaintiff Group 9**

89.     Plaintiffs Jania Knurowsky and Richard Kleinberger each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from Volkswagen of Pasadena at 130 N. Sierra Madre Blvd., Pasadena, CA 91107.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

**K.  Plaintiff Group 10**

90.     Plaintiffs Julius Tady, David Schiffman, Lesley Goldberg, Jacinto Mendoza, Sara Lindsey, Kathleen Newcom, Jenny Eakes, Javier Chavez, Alex Barkaloff, Nick Marrufo, Anthony Lojac, Kristen Daly, Kimberly Verdin, Robert Dean, Eden Tuplano, Carlos Munguia, Forrest Kline, Lori Zorn, Terry Snyder, Robert Rand, Joann Degani, Mark Neyfeld, Theodore Markovic, Suren Shahmurdyan, Lowell Thompson, Rosa Herrera, Chris Mazor, Delia Carreon, Beth Bearer, Jennifer Oh, Misty Jardine, Marcos Lutyens, Michelle Wright, and Omar Hernandez each purchased new 2009 – 2016 Volkswagen Clean Diesel vehicles containing the Defect from certified Volkswagen dealerships within the State of California.  Moreover, the Vehicles sold to the Plaintiffs containing the Defect were manufactured and sold by Volkswagen Group of America.

///

///

///

///

**<u>FIRST CAUSE OF ACTION</u>**

**Breach of Express Warranty- Song-Beverly Consumer Warranty Act, *Civil Code* Section**

**1790, *et seq.***
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

91.     Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 90, inclusive, as though fully set forth in this cause of action.

92.     The Vehicle is a "new motor vehicle" pursuant to *Civil Code* §1793.22.

93.     Plaintiffs are a "purchaser" as defined under the Song-Beverly Consumer Warranty Act (*Civil Code* §1791).

94.     Defendant Volkswagen is a "manufacturer" and "distributor" as defined under *Civil Code* §1791.

95.     Defendant Volkswagen of Downtown Los Angeles is a "distributor" as defined under *Civil Code* §1791.

96.     Defendant Volkswagen of Santa Monica is a "distributor" as defined under *Civil Code* §1791.

97.     Defendant Volkswagen of Van Nuys is a "distributor" as defined under *Civil Code* §1791.

98.     Defendant Volkswagen of Alhambra is a "distributor" as defined under *Civil Code* §1791.

99.     Defendant Sur Motor Cars is a "distributor" as defined under *Civil Code* §1791.

100.     Defendant Timmons Volkswagen of Long Beach is a "distributor" as defined

under *Civil Code* §1791.

101.    Defendant New Century Volkswagen is a "distributor" as defined under *Civil Code* §1791.

102.    Defendant Livingston Volkswagen is a "distributor" as defined under *Civil Code* §1791.

103.    Defendant Volkswagen of Pasadena is a "distributor" as defined under *Civil Code* §1791.

104.    Plaintiff's purchase of the Vehicle was accompanied by an express written warranty.

105.    The Vehicle has numerous defects and nonconformities covered by the express terms of the warranty which manifested within the applicable express warranty period.   The nonconformities substantially impair the use, value and/or safety of the Vehicle to a reasonable person in Plaintiff's situation.

106.    Plaintiff's delivered the Vehicle to Defendants and/or its authorized repair facility for repairs on numerous occasions in attempts to have the existing express warranties satisfied.

107.    Defendants and/or its authorized repair facilities failed to repair the defects and/or nonconformities to match the written warranty after a reasonable number of attempts and, as such, have failed to comply with and have breached all applicable warranty requirements.

108.    Despite its breach of express warranties, Defendants have refused and continues to refuse to promptly comply with Plaintiff's demand for a refund or replacement of the Vehicle.

109.    As a result of Defendant's failure to remedy the defects as alleged above and promptly issue a refund or replacement of the Vehicle, Defendants are in breach of its obligations under the Song-Beverly Consumer Warranty Act.

110.    Defendant's continuing breach of its obligations as set forth herein is willful

pursuant to the Song-Beverly Consumer Warranty Act and, as such, Defendants are liable to Plaintiff's for civil penalties in an amount to be proven at trial.   Defendants are also liable for Plaintiff's attorneys' fees and costs.

## SECOND CAUSE OF ACTION

**Breach of Implied Warranty- Song-Beverly Consumer Warranty Act,** *Civil Code* **Section 1790,** *et seq.*
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

111.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 110, inclusive, as though fully set forth in this cause of action.

112.    At all times relevant, Defendants appended to the purchase of the Vehicle a written warranty in the form of a written statement pursuant to which it undertook to preserve or maintain the utility or performance of said Vehicle.

113.    Plaintiff's purchase of the Vehicle was accompanied separately, individually, and respectively by Defendants, and each of them, with an implied warranty that the Vehicle was merchantable.

114.    At the time of purchase, Defendants were in the business of manufacturing, distributing and/or selling motor vehicles.

115.    Defendants breached their respective warranties as implied in said purchase of the Vehicle in that the Vehicle had numerous defects and nonconformities requiring multiple repairs and preventing Plaintiff's from using the Vehicle for its intended purpose.  As a result thereof, Plaintiff's did not receive merchantable goods as impliedly warranted by Defendants;

Plaintiff's Vehicle was not of the same quality as those generally acceptable in the trade; and the Vehicle did not measure up to the promises or representations stated in the applicable express warranties.

116.   Plaintiff's incurred out-of-pocket expenses to have the Vehicle repaired and serviced in attempt to conform the Vehicle to the Defendant's express warranty.  Plaintiffs have incurred repair costs in amounts according to proof at the time of trial.

117.   As a further proximate result of Defendant's willful failure to comply with its obligations to Plaintiff's, Defendants are liable for Plaintiff's attorneys' fees, costs and civil penalties.

### THIRD CAUSE OF ACTION

**Violation of California Consumer Legal Remedies Act- *Civil Code* Section 1750, *et seq.***

**(As to all Plaintiffs and as to Defendant Volkswagen)**

118.   Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 117, inclusive, as though fully set forth in this cause of action.

119.   Defendant Volkswagen is a "person" within the meaning of Civil Code §1761(c) and §1770, and sell "goods" and "services" within the meaning of Civil Code §1761(e) and §1770.

120.   Plaintiffs are a "consumer" within the meaning of Civil Code §1761(d) and §1770.

121.   Plaintiff's engaged in a "transaction" within the meaning of Civil Code §1761(e), including the purchase or lease of the Vehicle from Defendant and the presentation of the Vehicle to Defendant for repair or replacement of the Defect.

122.   As set forth herein, Defendant Volkswagen's acts and practices violate Civil Code §§1750, *et seq.*, including without limitation Civil Code §§1770(a)(9), (a)(14), (a)(16) and (a)(19), in that Defendant: (a) represented that its goods have sponsorship, approval, characteristics, uses, or benefits which they do not have; (b) represented that its goods are of a

particular standard, quality, or grade, but are of another; (c) advertised its goods with the intent not to sell them as advertised; (d) represented that a transaction conferred or involved rights, remedies, or obligations which it did not have or involve; and (e) represented that its goods were supplied in accordance with a previous representation when they were not.

123.     The existence of the Defect is a material fact, of which Plaintiff's were unaware when Plaintiff's purchased or leased the Vehicle.  Consumers value reliability and dependability of automobiles and automobile parts, especially concerning emissions software in the Affected Vehicles.  Had Plaintiff's known of the Defect, Plaintiff's would not have purchased or leased the Vehicle, or would have done so only at a lower price.

124.     Reasonable consumers expect, among other things, that new vehicles, including the Affected Vehicles: (a) have software that complies with current state and federal emissions standards; and (b) function properly for the duration of the warranty, and that defects will be covered under warranty.

125.     Defendant had a duty to disclose the Defect in the Affected Vehicles for various reasons, including that: (a) the Defect's existence is contrary to Defendant's representations and consumers' expectations; (b) Defendant's failure to disclose the Defect was likely to deceive reasonable consumers; (c) Defendant intentionally concealed the Defect with the intent to defraud consumers; and (d) Defendant's concealment of the Defect harmed Plaintiff's.

126.     As a result of Defendant's practices, Plaintiffs have suffered harm.

127.     Pursuant to the provisions of Cal. Civ. Code §1780, Plaintiff's seeks an order enjoining Defendant from engaging in the acts and practices complained of, a declaration that Defendant's conduct violates the Consumer Legal Remedies Act ("CLRA"), and attorneys' fees and costs of litigation.

/ / /

/ / /

**<u>FOURTH CAUSE OF ACTION</u>**

**Violation of California Unfair Competition Law – California Business and Professions**

**Code §17200, *et seq.***
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

128.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 127, inclusive, as though fully set forth in this cause of action.

129.    The Unfair Business Practices Act defines unfair business competition to include any "unfair,'' "unlawful," or "fraudulent" business act or practice.  Cal: Bus. Prof. Code §§17200 et seq.  The Act also provides for injunctive relief and restitution for violations.

130.    Defendant Volkswagen's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

131.    Defendant Volkswagen of Downtown Los Angeles's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200**, *et seq.***

132.    Defendant Volkswagen of Santa Monica's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200*, et seq.*

133.    Defendant Volkswagen of Van Nuys's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200*, et seq.*

134.    Defendant Volkswagen of Alhambra's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

135.    Defendant Sur Motor Cars' acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

136.    Defendant Timmons Volkswagen of Long Beach's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

137.    Defendant New Century Volkswagen's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

138.    Defendant Livingston Volkswagen's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

139.    Defendant Volkswagen of Pasadena's acts and practices, described above, constitute unlawful, unfair and/or fraudulent business practices under Business & Professions Code §§17200, *et seq.*

140.    The business practices engaged in by Defendant's that violate the Unfair Competition Law include failing to disclose the Defect at the point of sale, the point of repair, or otherwise.

141.    Defendant's engaged in unlawful business practices by violating the CLRA, Cal. Civ. Code §1750, *et seq.*, and by engaging in conduct, as alleged herein, that breaches the express and implied warranties.

142.    Defendant's engaged in unfair business practices by, among other things: (a) Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff; (b) Engaging in conduct that undermines or violates the stated policies

underlying the CLRA, which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace; and (c) Engaging in conduct that causes a substantial injury to consumers, not outweighed by any countervailing benefits to consumers or to competition, which the consumers could not have reasonably avoided.

143.    Defendant's engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive consumers acting reasonably under the circumstances.

144.    As a direct and proximate result of Defendant's unfair and fraudulent business practices as alleged herein, Plaintiffs have suffered injury-in-fact and lost money or property, in that Plaintiffs have purchased or leased a vehicle that Plaintiff's would not have otherwise purchased, paid for repairs, and is left with a vehicle of diminished value and utility due to the Defect.

145.    Plaintiffs are entitled to equitable relief, including restitution of all fees, disgorgement of all profits accruing to Defendant's due to its unfair, fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Defendant's from its unfair, fraudulent, and deceitful activity.

## FIFTH CAUSE OF ACTION

### Fraud
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

146.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 145, inclusive, as though fully set forth in this

cause of action.

147.    At the time Plaintiff's purchased or leased the Vehicle, Defendants Volkswagen, Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena falsely and fraudulently represented to Plaintiff's that the Vehicle contained a "CleanDiesel" engine that, while increasing performance and lowering emissions, conformed to current state and federal emissions standards.

148.    The representations made by Defendant's were false.   In fact, the Vehicle purchased or leased by Plaintiff's contained "defeat device" software, designed by Defendant Volkswagen to cheat emissions testing in the manner herein alleged.   As a result, the Vehicle was incapable of complying with emissions standards at the time that it was purchased or leased by Plaintiff's.

149.    When Defendant's made these representations, Defendant's knew them to be false, and these representations were made by Defendant's with the intent to defraud and deceive Plaintiff's and with the intent to induce Plaintiff's to purchase or lease the Vehicle.   At the time Defendant's made these promises to Plaintiff's, Defendant's had no intention of performing them.

150.    Plaintiff's, at the time these representations were made by Defendant's and at the time Plaintiff's purchased or leased the Vehicle, were ignorant of the falsity of Defendant's representations and believed them to be true.   In reliance on these representations, Plaintiffs were induced to and did purchase the Vehicle.   Had Plaintiff's known the actual facts, Plaintiff's would not have taken such action.   Plaintiff's reliance on Defendant's representations were justified because Defendant's are in a far better position than Plaintiff's to know of the true characteristics of the vehicles that it manufactures and sells, and because Defendant's made express representations and warranties to Plaintiff's regarding the Vehicle's quality and condition.

151.    As a proximate result of Defendant's fraud and deceit and the facts herein

alleged, Plaintiffs have been damaged.

152.    In doing the acts herein alleged, Defendants acted with oppression, fraud, and malice, and Plaintiffs are entitled to punitive damages.

## SIXTH CAUSE OF ACTION

**Negligent Misrepresentation**
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

153.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 152, inclusive, as though fully set forth in this cause of action.

154.    Defendant's Volkswagen, Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen and Volkswagen of Pasadena made material misrepresentations of fact to Plaintiff concerning the quality and condition of the Vehicle.

155.    At the time the representations were made, Defendant's knew, or by the exercise of reasonable care, should have known, that the statements were false and that the Affected Vehicles suffered from the Defect, as detailed above.

156.    Defendant made such claims about the Vehicle with the intent to induce Plaintiff's to purchase the Vehicle.

157.    Plaintiff's justifiably relied upon Defendant's misrepresentations about the quality and condition of the Vehicle.

158.    Plaintiffs have suffered harm as a result of Defendant's misrepresentations and

omissions of material fact.

### SEVENTH CAUSE OF ACTION

**Joint Venture**
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles &**
**Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach &**
**Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

159.    Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 158, inclusive, as though fully set forth in this cause of action.

160.    Defendant's Volkswagen, Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena acted in concert and for a common purpose for monetary gain as joint venture partners with an agreement to share the profits, if any, of their unlawful acts, and therefore are jointly and severally liable to Plaintiff's for the damages awarded by this Court.

///

///

///

///

## **EIGHTH CAUSE OF ACTION**

**Civil Conspiracy**
**(Plaintiff Group 1 as to Defendants Volkswagen Downtown Los Angeles & Volkswagen)**
**(Plaintiff Group 2 as to Defendants Volkswagen of Santa Monica & Volkswagen)**
**(Plaintiff Group 3 as to Defendants Volkswagen of Van Nuys & Volkswagen)**
**(Plaintiff Group 4 as to Volkswagen of Alhambra & Volkswagen)**
**(Plaintiff Group 5 as to Defendants Sur Motor Cars & Volkswagen)**
**(Plaintiff Group 6 as to Defendant Timmons Volkswagen of Long Beach & Volkswagen)**
**(Plaintiff Group 7 as to New Century Volkswagen & Volkswagen)**
**(Plaintiff Group 8 as to Livingston Volkswagen & Volkswagen)**
**(Plaintiff Group 9 as to Volkswagen of Pasadena & Volkswagen)**
**(Plaintiff Group 10 as to Volkswagen)**

161.   Plaintiff's hereby incorporate by reference and re-alleges each of the allegations contained in the foregoing paragraphs 1 through 160, inclusive, as though fully set forth in this cause of action.

162.   Defendant Volkswagen engaged in civil conspiracy with Defendant's Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, Volkswagen of Pasadena, and with person(s) unknown to the Plaintiff's to conceal the Defect.

163.   The conspiracy had the unlawful objective of profiting from the sale of New Vehicle's containing the Defect.

164.   Defendants had a meeting of the minds with each other and person(s) unknown. This meeting of the minds was manifested by Volkswagen's admission to the EPA establishing the existence of the Defect in all Volkswagen 3.0-Liter engines since 2009.

165.   In furtherance of this civil conspiracy, Defendants committed the acts alleged herein.

166.   The following actions of the Defendants, among others, are unlawful overt acts in furtherance of the conspiracy:

a.   Volkswagens 2009 discovery of the Defect in all 3.0-Liter engines manufactured by Volkswagen from 2009 to 2016.

b. Volkswagen disclosed the Defect to Defendant's Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena.

c. Volkswagen of Downtown Los Angeles, Volkswagen of Santa Monica, Volkswagen of Van Nuys, Volkswagen of Alhambra, Sur Motor Cars, Timmons Volkswagen of Long Beach, New Century Volkswagen, Livingston Volkswagen, and Volkswagen of Pasadena concealed information regarding the Defect in order to profit from the sale of the defective 3.0-Liter Engines produced by Volkswagen.

167. Appropriate injunctive and legal relief is necessary to undo the effects on the Plaintiffs of the civil conspiracy. If the civil conspiracy is not stopped by such injunctive relief and/or through appropriate legal remedies, Plaintiff's will continue to suffer injury from the unlawful collusion existing between Volkswagen and its subsidiary conglomerates.

///

///

///

///

///

///

///

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff's pray for judgment as follows:

a.    For an award of civil penalties, damages, specific performance, and/or rescission;

b.    For an award of restitution and disgorgement of profits, or other equitable relief as the Court deems proper;

c.    For an order enjoining Defendant from continuing to engage in unlawful business practices as alleged herein;

d.    For an award of pre-judgment and post-judgment interest at the legal rate;

e.    For an award of reasonable attorneys' fees and costs of suit;

f.    For an order imposing a constructive trust over the revenues from sales of and resulting profits received by Defendant as a result of its wrongful conduct; and

g.    For such other and further relief as this Court deems just and proper.

**DEMAND FOR JURY TRIAL**

Plaintiff's hereby demand a trial by jury on all issues so triable.

Dated:   May 2, 2016                    /S/: Steven L. Marchbanks

                                        By:  Steven L. Marchbanks, Esq.
                                        PREMIER LEGAL CENTER, A.P.C.
                                        ATTORNEY FOR PLAINTIFF